**VOSS BROS. MFG. CO. v. VOSS et al.**

No. 13331.

Circuit Court of Appeals, Eighth Circuit.

Oct. 7, 1946.

Charles D. Waterman, of Davenport, Iowa (Alfred Magnusson, W. B. Waterman, and Lane & Waterman, all of Davenport, Iowa, on the brief), for appellant.

Wayne G. Cook, of Davenport, Iowa (F. J. MacLaughlin and Cook, MacLaughlin, Blair & Balluff, all of Davenport, Iowa, on the brief), for appellees.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

The appellees, on January 16, 1945, contracted to sell to The Industrial Machine Key Corporation a majority of the capital stock of Voss Brothers Manufacturing Co., of Iowa, a family corporation. On February 17, 1945, the buyer assigned its interest in the contract to the appellant. On February 21, 1945, the appellant tendered full performance of the contract, but the appellees refused to deliver the stock contracted for. Appellant brought this action for specific performance. Jurisdiction is based upon diversity of citizenship. The appellees asserted, in defense, that they had rescinded the contract before the appellant tendered full performance. This defense is based upon a provision in the contract stating that if the buyer made a demand for a reduction in the purchase price "prior to the date of actual closing," the sellers might accept the reduction or they might reject it, and that, if they rejected it, the contract should be void.[1]

The only controverted issue of fact at the trial was whether the appellant had, in the forenoon of February 20, 1945, made

[1] The pertinent provisions of the contract are the following:

"5. In connection with the negotiations leading up to this Contract, the Buyer has been furnished a financial statement of Voss Brothers Manufacturing Co. dated November 30, 1944, a copy of which is hereto annexed and made a part hereof, and has been initialed by the parties. The Seller, Walter K. Voss, Edward F. Voss, H. F. Voss, and F. P. Voss, represent and war-

a demand for a reduction in the purchase price. The only substantial issues of law were, (1) whether the rejection of the demand, if any, on February 21, 1945, terminated the contract, and (2) whether the withdrawal of the demand after its rejection, revived the contract.

The District Court resolved all of these issues in favor of the appellees. It found that the appellant made a definite demand for a reduction in price on February 20, 1945, and that the appellees, on February 21, 1945, declared the contract terminated. Specific performance was denied and the appellant's complaint was dismissed. The appeal is from the judgment entered upon the findings. The controlling law is that of Iowa, where the contract was made and was to be performed.

The appellant asserts that the District Court erred in determining that there was a demand for a reduction in purchase price within the purview of the contract and that the rejection of this demand terminated the contract; and that the court erred in failing to hold that the buyer's withdrawal of the demand immediately after its rejection by the sellers entitled the buyer to specific performance.

The evidence shows that on February 20, 1945, the day fixed by the contract for its closing, Phillips, the President of the appellant, and Narins, its Vice-President, met in the forenoon with Walter K. and William L. Voss and Bernard F. Balluff, their counsel, in Balluff's office in Davenport, Iowa. The purpose of the meeting was to close the sale. Narins had with him the independent audit which, by the terms of the contract, was to be procured by the

rant that said statement was prepared in accordance with an accounting system established by a reputable firm of certified public accountants, that said statement fully and fairly represents the financial condition of the said company on said date, that the accounting practices therein reflected are in accordance with good accounting practices, that the reserves shown are believed adequate for the purposes indicated, that the only known non-ledger liabilities are by reason of possible undetermined liability for income taxes for 1943 and years prior thereto, and for possible refunds under the Renegotiation Act upon sales in the year 1944, and that, after November 30, 1944, and to the date of actual closing no financial transactions will occur to affect said balance sheet other than those incident and necessary in the regular course of business. This representation and warranty shall survive the closing hereof.

\*      \*      \*      \*      \*

"Prior to the date of actual closing the Buyer will cause an audit to be made of the financial data and an inspection of the plant and machinery of Voss Brothers Manufacturing Co. The Seller will make the books and records and plant and machinery of said company available to the Buyer's accountants and inspectors respectively at reasonable hours for this purpose. If as a result of said audit and inspection it appears that said statement of November 30, 1944 does not fairly reflect the financial condition of Voss Brothers Manufacturing Co. on said date, or that any financial transactions other than those incident or necessary in the ordinary course of business have occurred since that date, or that the plant and machinery are not satisfactory to the Buyer, then the Buyer shall have the right to rescind this Contract, in which event it shall be null and void, or in the alternative, the Buyer shall, prior to the date of actual closing, notify the Seller thereof and of any reduction in the aforesaid purchase price the Buyer may demand by reason thereof. If the Buyer demands a reduction in the purchase price, the Seller shall then have three days (a) to accept said reduction in price, in which event said sale shall be consummated as herein provided except for the purchase price being reduced accordingly, which said reduction shall be applicable against the last deferred payment aforesaid, or (b) to reject the reduction, in which event this Contract shall be null and void. In the event this Contract shall become null and void for any reason, mutual general releases shall be exchanged by the parties.

\*      \*      \*      \*      \*

"14. The actual closing of this transaction shall be had on February 20, 1945, at the office of Voss Brothers Manufacturing Co. in Davenport, Iowa, commencing at 2 o'clock p. m. on that date and continuing until the said closing shall be consummated. Either party may secure a reasonable adjournment of the closing for a period of not exceeding two weeks upon prior written notice to the other party to that effect."

buyer. There were discrepancies between the audit and the financial statement which had been furnished by the appellees. These discrepancies were discussed at the meeting. George H. Hansen, a public accountant whose firm supervised the accounting of Voss Brothers Manufacturing Co., of Iowa, was called into the discussion. The testimony of Phillips and Narins was to the effect that they were seeking no reduction in purchase price, but were attempting to secure an explanation of the discrepancies and to satisfy themselves that the financial statement did not constitute a serious overstatement of financial worth. They both testified that no reduction in price was demanded by them at any time.

The testimony on behalf of the appellees was to the effect that the discussion of the discrepancies between the audit and the financial statement culminated in a demand by Narins that the purchase price be reduced. Balluff testified that a net reduction of $12,550 was demanded, and the evidence of Walter K. Voss was to the same effect. William L. Voss testified that Narins finally asked a reduction of $12,500. Hansen testified that there was $12,000 to $14,000 in dispute, and that Narins stated that he wanted a reduction in purchase price. The appellees' evidence also showed that after Phillips and Narins had demanded a reduction, they requested a response to their demand, but were advised that other interested parties would have to be consulted and a reply deferred until the following morning.

On the morning of February 21, 1945, Balluff, on behalf of the appellees, after a conference with Walter K. and William L. Voss and Hansen, advised Phillips and Narins that their demand for a reduction in purchase price was rejected and the contract rescinded. Narins replied that no reduction had been demanded, and that if anything he had said had been construed as a demand for a reduction in purchase price, he withdrew it and tendered full performance at the full contract price.

The appellant asserts that the demand for a reduction which the court found was made, was not such a demand as the contract required because (1) a definite amount was not specified, and (2) the demand was made on, and not prior to, the date specified in the contract for the actual closing.

Assuming, without deciding, that a demand for a reduction which specified no amount would be ineffective, it is to be noted that at least two of the appellees' witnesses testified that the demand was in a definite amount. The District Court found that the demand was definite, and it is obvious that the court decided that it was the kind of a demand the rejection of which, by the terms of the contract, ended all contractual relations between the parties. This Court, upon review, does not retry doubtful issues of fact. It takes that view of the evidence which is most favorable to the prevailing party. Cleo Syrup Corporation v. Coca-Cola Co., 8 Cir., 139 F.2d 416, 417, 418, 150 A.L.R. 1056.

The weakness of the argument that the demand came too late to be accorded legal effect is that the demand was made before the time specified in the contract for its closing. By making the demand the appellant impliedly asserted that it was timely, and the appellees, by not questioning the timeliness of the demand and by considering and acting upon it, acquiesced. Whether the conduct of the parties in this regard be treated as a practical construction of an ambiguous provision of the contract or as a waiver of the requirements of an unambiguous provision is of no legal consequence. By making the demand before tendering performance, the appellant placed the appellees in a position to nullify the contract by considering and then rejecting the demand.

A provision of a contract which gives a party the right to annul it on specified conditions will be enforced by the courts of Iowa. In Republic Coal Co. v. W. G. Block Co., 195 Iowa 321, 330, 190 N.W. 530, 534, the Supreme Court of Iowa said:

"Where the parties have entered into a contract providing for the annulment thereof at the option of one party and on certain conditions, the courts will enforce the contract in this particular the same as in

any other respect and in exact accordance with the rights of the parties as fixed by their agreement."

While the contract provided that the rejection by the appellees of a demand for a reduction in price made by the buyer should nullify the contract, it contained no provision that the withdrawal of such a demand, after rejection, should revive the contract. The withdrawal of the demand and the tender of full performance by the appellant after the contract by its terms, had ceased to exist, obviously came too late.

The judgment is affirmed.