### GRANDIN GRAIN & SEED CO. v. UNITED STATES.

#### No. 13758.

United States Court of Appeals
Eighth Circuit.

Nov. 10, 1948.

---

"(1) * * *

"(2) of property held for the production of income."

426

Emanuel Sgutt, of Fargo, N. D., for appellant.

J. P. Stevens, Asst. U. S. Atty., of Minot, N. D. (P. W. Lanier, U. S. Atty., of Fargo, N. D., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment in favor of the United States in an action brought by it to recover $1,372.11, the value of a carload of wheat. In its complaint, the Government alleged that on July 29, 1942, railway car "No. GN 26548", containing 1435.50 bushels of wheat owned by the Commodity Credit Corporation, an agency of the Government, was delivered to the defendant (appellant) at its elevator at Grandin, North Dakota, for unloading, weighing and transferring to the Corporation's bin site located at that place; that the defendant, after unloading the wheat into its elevator, failed to transfer it to this bin site and has failed and refused to deliver or to account for the wheat, which had a value of $1,372.11. The defendant denied these allegations. The case was tried to the court without a jury.

The District Court found that on July 29, 1942, the Government owned the wheat in suit; that the wheat was loaded by the St. Anthony & Dakota Elevator Co., acting as agent for the Government, into Great Northern Car No. 26548, at Hillsboro, North Dakota; that the wheat was on that day transported by the Great Northern Railway Company to Grandin, North Dakota, consigned to the Commodity Credit Corporation, in care of the Farmers Grain Company, but was intended to be consigned to the Commodity Credit Corporation, in care of Grandin Grain & Seed Company (defendant); that the wheat was actually delivered by the Great Northern Railway Company to the defendant, and was received by it for the purpose of unloading, weighing and transferring the wheat to the Corporation's bin site located at Grandin; that the defendant neglected to deliver the wheat to the bin site, and has since refused to deliver it; that the wheat was of the value of $0.9755 per bushel, and that the Government's damages, due to the defendant's failure to deliver the wheat, amounted to $1,372.11. Judgment for that amount, with interest and costs, was entered upon the findings, and this appeal followed.

The judgment is challenged upon three grounds: (1) that the court erred in admitting certain records of the Commodity Credit Corporation indicating that the wheat in suit had been received in storage by the St. Anthony & Dakota Elevator Co. at Hillsboro, North Dakota, on behalf of the Commodity Credit Corporation, and

had been loaded in a freight car and shipped to Grandin; (2) that the Government failed to prove that it was the owner of the wheat; and (3) that the Government failed to prove that the defendant ever received the wheat.

The first two points which the defendant argues, we think merit no extended discussion. Assuming that a sufficient foundation was not laid for the introduction of the records to which the defendant refers, the trial court did not commit reversible error in receiving them. This Court has said that it will not reverse a judgment in a nonjury case because of the admission by a trial court of incompetent evidence, unless all of the competent evidence in the case is insufficient to sustain the judgment or unless it affirmatively appears that the incompetent evidence induced the trial court to make an essential finding which would not otherwise have been made. Thompson v. Carley, 8 Cir., 140 F.2d 656, 660; Doering v. Buechler, 8 Cir., 146 F.2d 784, 786. In a nonjury case, the presumption is that the trial court based its findings and judgment solely upon the competent evidence received, and that it disregarded all incompetent evidence. While it is true that an issue as to the ownership of the wheat in suit was raised by the pleadings, it is obvious that the sole controversial issue really in the case was whether the wheat was ever delivered to and received by the defendant. It seems clear to us that if, as the Government claims, this carload of wheat was consigned to the Commodity Credit Corporation at Grandin, and was received by the defendant for unloading and transfer to the bin site, the defendant was obligated to account to the Corporation for the wheat, and was in no position to question the Corporation's ownership of it.

The factual situation out of which this controversy arose, stated briefly and generally, was as follows: During 1942 the Commodity Credit Corporation was acquiring wheat at Hillsboro, North Dakota, from farmers, through the agency of the St. Anthony & Dakota Elevator Co., and was shipping the wheat by rail to Grandin, North Dakota, twelve miles away, for storage. The Corporation had established a bin site at Grandin, adjoining a large elevator owned and operated by the defendant. The Corporation had an arrangement with the defendant whereby the defendant was to unload, weigh, and transfer to the bin site all carloads of wheat consigned to the Corporation at Grandin. For this service the defendant was paid a handling charge. The defendant satisfactorily handled a very large amount of wheat for the Corporation under this arrangement. When the bin site was emptied in 1944, the Corporation discovered the alleged "under delivery" of wheat upon which this action is based. An investigation by the Corporation followed, but no demand was made upon the defendant for an accounting until early in 1946. The records of the Corporation indicated that, on July 29, 1942, 86,150 pounds of wheat were loaded at Hillsboro Station by the St. Anthony & Dakota Elevator Co. into Great Northern car No. 26548 and "shipped to Commodity Credit Corp. at Grandin, N.D." The records of the Great Northern Railway Company, made by its Station Agent at Grandin, indicated that the Great Northern car 26548, purportedly containing wheat and consigned to the Corporation, was received July 29, 1942, and set, on that day, for unloading by the defendant; that the seals on the car doors were intact; that the car, on July 30, was the seventh car in line from the defendant's elevator; that on July 31 it was the second car in line from the elevator; that is was unloaded on that day; and that the Corporation paid the freight. A bill of lading covering this shipment had been issued at Hillsboro on July 29, 1942, reciting that 86,150 pounds of wheat were received from the St. Anthony & Dakota Elevator Co., consigned to Commodity Credit Corporation "care of Farmers Grain Co., Grandin, N. D." Three other cars of wheat so consigned from Hillsboro between the dates July 22, 1942, and July 27, 1942, were received at Grandin and delivered to and handled by the defendant. The Railway Company also had a freight bill for the car in suit, signed by the defendant, but the signature was obtained about a year after the delivery of the car and at a time some 48 other freight bills for similar

shipments were signed. This, apparently, was done in connection with some adjustment of freight rates.

The defendant had no record of ever having received the wheat in suit, and its evidence tended to prove that if it had received the wheat and unloaded it into the elevator, it (defendant) would necessarily have made a record of the transaction, and that the presence of the wheat in the elevator could hardly have gone undiscovered.

In fairness to the defendant, it should be said that there was no evidence in the case reflecting upon its integrity or that of any of its witnesses, and that there were certain discrepancies in the Government's evidence. The storage tickets issued by the St. Anthony & Dakota Elevator Co. at Hillsboro, covering the wheat ostensibly shipped in Great Northern car 26548, bear date July 30, 1942, the day after the car was received at Grandin. The bill of lading covering the car did not bear the Railway Company's Hillsboro date stamp on it, as did the other bills of lading, introduced in evidence, covering similar shipments. The name of the consignee on the bill of lading, as already stated, was Commodity Credit Corporation "care of Farmers' Grain Company," whereas the shipment should have been consigned to the Corporation "care of Grandin Grain & Seed Company." There was testimony, however, that the Farmers Grain Company handled no Commodity Credit Corporation wheat, and that the car in suit and cars similarly consigned were delivered by the Railway Company to the defendant's elevator. The bill of lading gives the seal numbers of the car as "265153-154". The records of the Great Northern Station Agent at Grandin showed the seal numbers to be 265154 and 265155. The Station Agent at Grandin should have secured the defendant's signature on the freight bill at the time the wheat was delivered, but did not do so until a year later. The evidence, however, shows that that was true with respect to some 48 other shipments concededly received by the defendant.

It appears from the record that the defendant suspects that the Manager of the St. Anthony & Dakota Elevator Co. at Hillsboro (who was dead at the time of the trial), in order to cover some shortage of his, shipped the car in suit under seal, but empty, to Grandin, and that when the car was found to be empty by the defendant's employees who were unloading cars of grain into the elevator, they passed the car along the spur track without making any report of the occurrence. There is, however, in the record no competent proof to substantiate this suspicion of the defendant.

While the Government did not prove to a certainty that the defendant ever actually received the wheat in suit, we think its evidence furnished an adequate basis for the findings of the District Court. That court undoubtedly could have found in favor of the defendant, but it was not compelled to do so. It must be remembered that, upon review of a judgment in a nonjury case, the prevailing party is entitled to have the evidence viewed in the light most favorable to it, and that the findings of the trial court, "unless clearly erroneous," may not be set aside by this Court. See Cleo Syrup Corporation v. Coca-Cola Co., 8 Cir., 139 F.2d 416, 418, 150 A.L.R. 1056, and Voss Bros. Mfg. Co. v. Voss, 8 Cir., 157 F.2d 263, 266.

The judgment appealed from is affirmed.