**BUILDERS STEEL CO. v. COMMISSION-ER OF INTERNAL REVENUE.**

No. 13999.

United States Court of Appeals
Eighth Circuit.

Jan. 17, 1950.

John H. McEvers, Kansas City, Mo. (Reece A. Gardner and G. Lee Burns, Kansas City, Mo., on the brief), for petitioner.

Harry Marselli, Special Assistant to the Attorney General (Theron Lamar Caudle, Assistant Attorney General, and Ellis N. Slack and Lee A. Jackson, Special Assistants to the Attorney General, on the brief), for respondent.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This is a petition to review a decision of the Tax Court redetermining deficiencies in the excess profits tax liability of the petitioner for the years 1942, 1943 and 1944. In each of those years the petitioner, which is engaged at North Kansas City, Missouri, in the business of making and selling structural steel and iron and steel products, had paid to its officers, as compensation for their services, a total of $74,000, and in its tax returns for each of the years had taken a deduction for that amount. The Commissioner, for each of the years, disallowed the deduction to the extent of $24,500, upon the ground that $49,500 constituted reasonable compensation for the services of petitioner's officers in each of the years in question. He determined deficiencies in the petitioner's excess profits tax liability as follows: 1942, $18,465.44; 1943, $21,075.70; 1944, $20,868.80. The Commissioner also found small deficiencies in the income tax liability of petitioner for the years in suit.

The petitioner sought from the Tax Court a redetermination of the asserted deficiencies in excess profits tax liability for the three years involved, on the ground that the Commissioner had erred in determining that the compensation paid to petitioner's officers for services was excessive and unreasonable. The Commissioner denied that he had erred. The sole issue before the Tax Court was whether the compensation paid by the petitioner to its officers in the years 1942, 1943 and 1944 was reasonable, as it contended, or was excessive, as the Commissioner had determined. If reasonable, the amount paid as compensation for the services of petitioner's officers was deductible from gross income, under § 23(a) (1) (A) of the Internal Revenue Code, 26 U.S.C. 1946 Ed., § 23(a) (1) (A), 26 U.S.C.A. § 23(a) (1) (A), as "a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *." The Tax Court tried the issue raised by the petitioner. After excluding much of the evidence offered by the petitioner, upon objections of the Commissioner, the court decided the case in his favor. As redetermined by the Tax Court, the deficiencies in the excess profits tax liability of the petitioner are identical with those determined by the Commissioner. The Tax Court also redetermined the deficiencies in income tax liability of the petitioner for the years in suit, a matter which was not before it; but later corrected its order in this regard by eliminating any reference to the petitioner's income taxes. A question has been raised by petitioner as to the validity of the order making the correction. Since we regard it as valid, no attention need be devoted to that matter.

The petitioner attacks the decision of the Tax Court upon four grounds: (1) that the court excluded competent evidence; (2) that it admitted incompetent evidence; (3) that it unduly limited petitioner's cross-examination of one of the respondent's witnesses; and (4) that the

decision of the Tax Court is clearly erroneous.

The record consists in large part of colloquies between the trial judge and counsel with respect to the admissibility of evidence, for which discussions there was, in our opinion, little excuse, since no jury was present and no technical rulings on evidence were necessary or desirable.

In the trial of a nonjury case, it is virtually impossible for a trial judge to commit reversible error by receiving incompetent evidence, whether objected to or not. An appellate court will not reverse a judgment in a nonjury case because of the admission of incompetent evidence, unless all of the competent evidence is insufficient to support the judgment or unless it affirmatively appears that the incompetent evidence induced the court to make an essential finding which would not otherwise have been made. Thompson v. Carley, 8 Cir., 140 F.2d 656, 660; Doering v. Buechler, 8 Cir., 146 F.2d 784, 786; Grandin Grain & Seed Co. v. United States, 8 Cir., 170 F.2d 425, 427. On the other hand, a trial judge who, in the trial of a nonjury case, attempts to make strict rulings on the admissibility of evidence, can easily get his decision reversed by excluding evidence which is objected to, but which, on review, the appellate court believes should have been admitted. In the case of Donnelly Garment Co. v. National Labor Relations Board, 8 Cir., 123 F.2d 215, 224, we stated our views upon this subject as follows: " * * * We think that experience has demonstrated that in a trial or hearing where no jury is present, more time is ordinarily lost in listening to arguments as to the admissibility of evidence and in considering offers of proof than would be consumed in taking the evidence proffered, and that, even if the trier of facts, by making close rulings upon the admissibility of evidence, does save himself some time, that saving will be more than offset by the time consumed by the reviewing court in considering the propriety of his rulings and by the consequent delay in the final determination of the controversy. One who is capable of ruling accurately upon the admissibility of evidence is equally capable of sifting it accurately after it has been received, and, since he will base his findings upon the evidence which he regards as competent, material and convincing, he cannot be injured by the presence in the record of testimony which he does not consider competent or material. Lawyers and judges frequently differ as to the admissibility of evidence, and it occasionally happens that a reviewing court regards as admissible evidence which was rejected by the judge, special master, or trial examiner. If the record on review contains not only all evidence which was clearly admissible, but also all evidence of doubtful admissibility, the court which is called upon to review the case can usually make an end of it, whereas if evidence was excluded which that court regards as having been admissible, a new trial or rehearing cannot be avoided. We say this in the hope of preventing a repetition of what occurred in the case now before us, and to obviate any misunderstanding as to what the attitude of this Court is with respect to the taking of evidence in a hearing before a special master or a trial examiner."

The instant case is almost a perfect example of how technical rulings on evidence will frequently frustrate the trial of a nonjury case and put the litigants to the trouble and expense of a new trial. The trial judge was of the opinion that parol evidence was not admissible to explain, supplement, or elaborate the minutes of the petitioner's Board of Directors relative to the reasons for increasing or decreasing the compensation of petitioner's officers for their services. We are of the opinion that such evidence was admissible. 5 Fletcher, Cyclopedia Corporations, Permanent Ed., Chap. 17, § 2198, pages 532-533; In re Country Club Building Corp., 7 Cir., 91 F.2d 713, 715, certiorari denied Murphy v. Bloom, 302 U.S. 757, 58 S.Ct. 284, 82 L.Ed. 585, Thermopolis Northwest Electric Co. v. Ireland, 10 Cir., 119 F.2d 409, 411-412.

The trial judge thought that the officers of the petitioner should not be allowed to express their opinions as to the reasonableness of the compensation paid them, because they had not qualified as

380

experts and should not be permitted "to give a self-serving answer that pertains to the issue to be decided by the court." We are of the opinion that such evidence should have been admitted. Where the matter under inquiry is properly the subject of expert testimony, it is no objection that the opinion sought to be elicited is upon the issue to be decided. Svenson v. Mutual Life Ins. Co. of New York, 8 Cir., 87 F.2d 441, 445 and cases cited. The value of services may be proved by opinion evidence, and the one who has rendered the services is qualified to express an opinion as to their worth (32 C.J.S., Evidence. § 545, subsection f(2), pages 321, 322-323; Wigmore on Evidence, 3rd Ed., Vol. III, § 715, pages 46-47; Express Publishing Co. v. Commissioner of Internal Revenue, 5 Cir., 143 F.2d 386, 388) and to give his reasons for the opinion he expresses.

The trial judge was further of the view that contractors and architects of Kansas City, Missouri, who were called as witnesses by petitioner, were not qualified to express opinions as to the worth of the services of petitioner's officers. We are of the view that this opinion evidence should have been admitted. These witnesses were all men of practical experience who had done business with the petitioner, knew its officers, and were familiar with their abilities and the nature of the work they had done and were doing during the years in suit and prior years. Witnesses as to the value of services are not required to be experts in the strict sense of that term nor to be familiar with the value of such services in more than a general way. 32 C.J.S., Evidence, § 545, subsection f(2), page 321; Wigmore on Evidence, 3rd Ed., Vol. III, § 715, page 46; Coogan Finance Corporation v. Beatcher, 120 Cal. 278, 7 P. 2d 695. We think that the trial judge in this case confused the question of the admissibility of evidence with its weight. Evidence as to value may be admissible, although of little weight. Hard & Rand, Inc., v. Biston Coffee Co., 8 Cir., 41 F.2d 625, 627.

The contentions of the petitioner that the Tax Court admitted incompetent evi-

dence on behalf of the Commissioner, and that it unduly limited petitioner's cross-examination of a certain witness, are, we think, without substantial merit and require no discussion.

The decision of the Tax Court is vacated upon the sole ground that, in the trial of this case, the Court erroneously excluded competent and material evidence. The case is remanded with directions to grant petitioner a new trial.