Richard **SCHUH** and Carol Schuh, Husband and Wife, Individually and as **Trustees for the North Dakota Workmen's Compensation Bureau, Plaintiffs and Appellants,**

v.

Louis **ALLERY, Deceased, by and through his Administratrix, Ermaline P. Allery, Defendant and Respondent.**

Civ. No. 8882.

Supreme Court of North Dakota.

Aug. 13, 1973.

E. J. Bosch, Minot, for plaintiffs and appellants.

Traynor & Rutten, Devils Lake, Nilles, Hansen, Selbo, Magill & Davies, Fargo, and Ella Van Berkom, Minot, for defendant and respondent.

VOGEL, Justice.

This is an appeal from a judgment entered following trial to the court without a jury. A review of the facts discloses that the plaintiff Richard Schuh was driving his automobile in an easterly direction on a county dirt road, and that the defendant's

decedent, Louis Allery, was driving south on a dirt section-line road. Neither road was a favored highway with stop or yield signs affecting traffic. The two vehicles collided near the center of the intersection of these two roads. It appears that neither of the parties saw the other until just before impact, because there were no skidmarks put down by either vehicle to indicate an attempt to avoid a collision. Allery died as a result of injuries which he received in the accident, while Schuh received serious injuries for which he seeks to recover in this action.

The Allery vehicle was followed by a vehicle driven by Allery's wife at a distance of approximately one car length. The plaintiff admits that he saw the vehicle which Mrs. Allery was operating, but asserts that he did not see the one which Allery was driving until just before the collision. There was vegetation growing on the side of the road which was fifteen to twenty inches in height, and, in addition, it appears that the road on which Allery was approaching the intersection was approximately three or four feet lower than the road on which the plaintiff was driving. Just before the lower road reaches the intersection, it rises to the level of the road on which the plaintiff was traveling. The evidence further discloses that the vehicle which Allery was driving was a Chevrolet van seventy inches in height and it was painted a medium blue with white stripe. The plaintiff's car was approximately five feet in height.

The trial court, on the above evidence, found the drivers of both vehicles negligent and dismissed the plaintiffs' complaint. From the judgment entered, the plaintiffs have appealed to this court.

At the time of the occurrence of the events complained of, and at the time of the commencement and trial of this action, the North Dakota Legislature had not enacted a comparative negligence statute. Thus contributory negligence of a plaintiff driver, if established by the evidence, would be a bar to recovery of damages for plaintiff's injuries. Krise v. Gillund, 184 N.W.2d 405 (N.D.1971).

The plaintiffs' brief set forth three issues which are presented for review in this court. Rule 28(a)(2), N.D.R.App.P. These issues are stated by the plaintiff as follows:

1. What does the directional right of way amount to in North Dakota?

2. Did the lower court consider or not consider a certain exhibit offered but admitted subject to the further ruling and consideration of objections made to its introduction by the plaintiff?

3. As a matter of law, the defense failed to carry the burden of proof regarding contributory negligence on the part of the plaintiff.

It will be noted that all three of these issues are quite closely related and go to the question of the plaintiff's contributory negligence.

Our law provides that when two vehicles approach or enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right. Sec. 39-10-22, subsec. 1, N.D.C.C.

The right of way of the favored vehicle is not absolute. If a vehicle on the left enters an intersection a sufficient interval ahead of the vehicle on the right to have ample time to clear the intersection safely before the vehicle approaching from the right enters, it is not negligence for the vehicle on the left to proceed. In the case before the court, it appears that Allery did enter the intersection first, because he had entered it when the was struck by the plaintiff. But Allery did not have time to safely clear the intersection before the plaintiff entered it, and thus he was clearly negligent, as the trial court found.

■ But the plaintiff's having the right of way did not absolve him of the necessity of exercising due care. Violation of the right of way is an issue for determination of the trier of fact, and is not a fact of itself. The mere fact that the plaintiff approached the intersection from the right of Allery is insufficient of itself to place the plaintiff within the provisions of the statutory right-of-way rule. Thompson v. Nettum, 163 N.W.2d 91 (N.D.1968). This we say, cognizant of an amendment of the statute subsequent to Thompson v. Nettum.

■ The evidence in this case discloses that the plaintiff was operating an automobile which raised his eye level several feet above the surface of the road. There was some vegetation along the side of the road, estimated by some of the witnesses to be no higher than fifteen to twenty inches. Even though the Allery vehicle was approaching the intersection on a road which was some three or four feet lower than the road on which the plaintiff was traveling, the Allery vehicle was seventy inches in height, with distinct coloring, and was in plain view had the plaintiff kept a proper lookout. The plaintiff knew that this approach road was lower than the intersection, because he testified that he had driven this east-west road approximately four times every month for a year. The plaintiff further admits observing Mrs. Allery's car at least three times as it approached from the north. The testimony shows that Mrs. Allery was following her husband's van quite closely. Since the plaintiff did see Mrs. Allery's automobile, the van, which was higher than the car, obviously was in sight had the plaintiff looked. It is a general principle of law that a motorist will be deemed to have seen what could and should have been seen. 60A C.J.S. Motor Vehicles § 353(2)–b, p. 510.

■ Thus, although the plaintiff had the directional right of way, that did not give him the right to drive ahead without due care. Where he has admitted that he did not even see the Allery van approach, although such van was in sight and could have been seen, there is sufficient evidence to sustain the trial court's finding of contributory negligence on the part of the plaintiff. Findings of fact of the trial court in a case tried without a jury will not be set aside unless clearly erroneous. Rule 52(a), N.D.R.Civ.P.

There is also testimony that the plaintiff was driving at eighty miles per hour, likewise evidence of contributory negligence.

■ The next issue raised by the plaintiffs is whether the trial court considered an exhibit which was offered but which was not admitted into evidence, on objection of the plaintiffs. The exhibit in question is a photograph of the intersection, which was taken in May of 1971 when conditions at the intersection were different from what they were or had been at the time of the accident in September of 1968. This exhibit was part of a deposition of one of the defendant's witnesses, and when the deposition was offered, with this exhibit a part of it, the trial judge stated that he was receiving the deposition into evidence with the objections noted. In making his decision later, the trial judge did not state whether he had considered this exhibit or whether he had disregarded it. The plaintiffs assert that failure to state whether this exhibit was considered is error.

■■ We believe the trial judge acted correctly in admitting the deposition into evidence with the objections noted. In fact, we believe that the trial judge could appropriately have admitted it into evidence without qualification. We believe that a trial judge, in a nonjury case, should ordinarily admit all evidence which is not clearly inadmissible. A judge who is competent to rule upon the admissibility of evidence can distinguish in his own mind, when deliberating his ultimate decision, between evidence which is admissible and evidence which is not admissible. The introduction of allegedly inadmissible evidence in a nonjury case will rarely be re-

versible error, and it may often avoid a possible reversal in cases where this court, on appeal, holds that the evidence is admissible.

We agree with the statement of the Eighth Circuit Court of Appeals in Builders Steel Co. v. Commissioner of Internal Rev., 179 F.2d 377, 379:

"In the trial of a nonjury case, it is virtually impossible for a trial judge to commit reversible error by receiving incompetent evidence, whether objected to or not. An appellate court will not reverse a judgment in a nonjury case because of the admission of incompetent evidence, unless all of the competent evidence is insufficient to support the judgment or unless it affirmatively appears that the incompetent evidence induced the court to make an essential finding which would not otherwise have been made. . . . On the other hand, a trial judge who, in the trial of a nonjury case, attempts to make strict rulings on the admissibility of evidence, can easily get his decision reversed by excluding evidence which is objected to, but which, on review, the appellate court believes should have been admitted."

The final issue raised by the plaintiff is that the defense has failed as a matter of law to sustain its burden of proof to establish contributory negligence on the part of the plaintiff Richard Schuh. We believe what we have heretofore said in regard to the first two issues will completely answer this issue. There was substantial evidence to sustain the trial court's finding of contributory negligence on the part of the plaintiff Richard Schuh. Since that is the case, the plaintiffs have not established that the finding is "clearly erroneous"; and under Rule 52(a), North Dakota Rules of Civil Procedure, such finding will not be set aside.

We agree with the trial court that the evidence establishes the negligence of both drivers involved in this accident, and the plaintiffs' complaint therefore was properly dismissed.

Judgment affirmed.

PER CURIAM.

Most of the foregoing opinion is the work of STRUTZ, C. J., deceased, with additions by VOGEL, J., to whom it is formally attributed because of inclusion of language not originating with Chief Justice STRUTZ.

ERICKSTAD, C. J., and TEIGEN, PAULSON and KNUDSON, JJ., concur.