CITY OF FARGO, CASS COUNTY,
North Dakota, a Municipal Corpo-
ration, Plaintiff and Appellant,

v.

CANDOR CONSTRUCTION, INC.,
Defendant and Appellee,

Kirkham, Michael & Associates, Inc., and
Building Specialties Company,
Defendants.

Civ. No. 9365.

Supreme Court of North Dakota.

Nov. 10, 1977.

Solberg, Stewart & Boulger, Fargo, for appellant; argued by Wayne O. Solberg, Fargo.

DeMars, Backes & Maring, Fargo, for appellee; argued by Norman J. Backes, Fargo.

PEDERSON, Justice.

This is an appeal by the City of Fargo from a judgment dismissing its suit for damages for defects in the construction of a municipal garage. We affirm. The suit was brought against the architect-engineer (Kirkham-Michael & Associates), the construction contractor (Candor Construction, Inc.), and the material supplier subcontractor (Building Specialties Co.). Prior to the trial to the court without a jury, Kirkham-Michael and Building Specialties were dismissed pursuant to stipulation.

At the conclusion of the trial the court prepared a memorandum opinion and, as required by Rule 52(a), NDRCivP, special findings of fact and separate conclusions of law. The City makes no criticism of any of the findings of fact or conclusions of law, and, instead, argues that, except for evidence improperly admitted, there was "inadequate" evidence to rebut the evidence offered by the City. The only transcript submitted was that of a preliminary discussion between the court and counsel and the direct examination of Candor's expert wit-

ness, W. J. Seifert. We are thus completely prevented from evaluating the adequacy of any other rebuttal evidence. It appears that the City has overlooked our statement that the jury (or the court when it is the finder of facts) need not accept undisputed testimony, even of experts. *Waletzko v. Herdegen*, 226 N.W.2d 648, 653 (N.D.1975).

▆ Ordinarily, in nonjury cases, all testimony offered which is not clearly inadmissible should be admitted. *Beck v. Lind*, 235 N.W.2d 239 (N.D.1975); *Matson v. Matson*, 226 N.W.2d 659 (N.D.1975); *Signal Drilling Co. v. Liberty Petroleum Co.*, 226 N.W.2d 148 (N.D.1975); *Schuh v. Allery*, 210 N.W.2d 96 (N.D.1973). This Court, in *Schuh v. Allery, supra*, quoted with agreement from *Builders Steel Co. v. Commissioner of Internal Rev.*, 179 F.2d 377 (8th Cir. 1950), as follows:

"'An appellate court will not reverse a judgment in a nonjury case because of the admission of incompetent evidence, unless all of the competent evidence is insufficient to support the judgment or unless it affirmatively appears that the incompetent evidence induced the court to make an essential finding which would not otherwise have been made.'" 210 N.W.2d at 100.

See also, *Jahner v. Jacob*, 233 N.W.2d 791, 800 (N.D.1975).

▆ With that background, we now examine the City's argument on the admissibility of evidence. The case involved quite extensive pretrial proceedings. The significant item related to the effort of Kirkham-Michael to discover the identity of experts to be used by Candor. Candor replied "none as of this time." The case was tried 12 days after Kirkham-Michael had been dismissed by stipulation. During this period Candor retained Seifert as its expert witness but did not supplement its previous answer, as required by Rule 26(e)(1)(A) and 26(e)(2)(B), NDRCivP.

We recently were confronted with nearly identical circumstances in a case tried to a jury, *Olson v. A. W. Chesterton Co.*, 256 N.W.2d 530 (N.D.1977), and we concluded that there was no express language in the

rules relating to discovery which contradicted the court's ruling that only the party who posed an interrogatory can object to a failure to supplement a response. We indicated, however, that it is the spirit and intent of the rules to eliminate surprise at trial and, therefore, it is better that each party be entitled to make such objection. We acknowledge that *Olson v. Chesterton, supra*, was decided after the instant case was tried. We concluded that it is not abuse of discretion to allow the testimony under the circumstances of that case.

The City of Fargo made no effort to obtain a delay in the trial—only sought to have the testimony of the witness excluded. "Failure to supplement a response—or making an incorrect response in the first instance—is not one of the kinds of flagrant misconduct listed in Rule 37(d) for which the sanctions of that section are available." Wright and Miller, Federal Practice and Procedure: Civil § 2050 (1970). In all respects pertinent to this case, Rule 37, NDRCivP, is identical to Federal Rule 37.

Under Rule 61, NDRCivP, if an error occurs and it does not affect the substantial rights of the parties, the judgment will not be disturbed. *Dugas v. Felton*, 249 N.W.2d 215 (N.D.1976); *Interest of R.W.B.*, 241 N.W.2d 546 (N.D.1976); *Gajewski v. Bratcher*, 240 N.W.2d 871 (N.D.1976); *Haider v. Finken*, 239 N.W.2d 508 (N.D. 1976); *Askew v. Joachim Memorial Home*, 234 N.W.2d 226 (N.D.1975); and *Jahner v. Jacob*, 233 N.W.2d 791 (N.D.1975).

This Court, in *Erling v. Haman*, 144 N.W.2d 215 (N.D.1966), held that the sanction of *dismissal* under Rule 37 is a drastic sanction not to be invoked when an alternative is available. See more recent case of *Israel Aircraft Ind., Ltd. v. Standard Precision*, 559 F.2d 203 (2d Cir. 1977), where a dismissal by the trial court for failure to properly respond to pretrial discovery was found to be too drastic, and the case was remanded for trial on the merits. Under some circumstances, prohibiting a witness's testimony can be as drastic as dismissal. Courts have, in some circumstances, said that prohibiting an undisclosed witness

from testifying, though drastic, is acceptable. See *Kulhanjian v. Detroit Edison Co.,* 73 Mich.App. 347, 251 N.W.2d 580 (1977); *Fritz v. Arnold Manufacturing Co.,* 232 N.W.2d 782 (Minn.1975); and *Eisbach v. Jo-Carroll Elec. Cooperative, Inc.,* 440 F.2d 1171 (7th Cir. 1971). Prohibiting testimony from one who has declined to answer an interrogatory was upheld in *Fisher v. Underwriters at Lloyd's London,* 115 F.2d 641 (7th Cir. 1940). Permitting an undisclosed expert to testify was upheld in *Olson v. A. W. Chesterton, supra,* and in *Stewart v. Meyers,* 353 F.2d 691 (7th Cir. 1965). See also, *Texas and Pacific Railway Company v. Buckles,* (5th Cir. 1956) 232 F.2d 257, *cert. denied,* 351 U.S. 984, 76 S.Ct. 1052, 100 L.Ed. 1498. Considering all circumstances, the court, in *Hollins v. Sneed,* 300 A.2d 447 (D.C.App.1973), said that allowing an undisclosed witness to testify was not abuse of discretion. The Supreme Court of Kansas said in *Barnes v. St. Francis Hosp. & School of Nursing, Inc.,* 211 Kan. 315, 507 P.2d 288 (1973), that, under the circumstances of that case, the trial court did not exceed the bounds of sound judicial discretion in excluding testimony where there had been a discovery violation.

It has been suggested that, apart from Rule 37, trial courts have such powers as are necessary to assure fair and orderly trials and must use their discretionary powers to do those things which may be necessary to avoid prejudice. A recess to allow the taking of a deposition or to make an investigation often can prevent the prejudice which may arise out of the use of a surprise witness, while still preserving the rights of other parties. See *Halverson v. Campbell Soup Company,* 374 F.2d 810 (7th Cir. 1967), where it was held to be abuse of discretion to exclude the proffered testimony under the circumstances of that case. In a case where the excluded witness was the only eyewitness, the exclusion was found to be too drastic and a new trial was awarded. *Abbatemarco v. Colton,* 31 N.J. Super. 181, 106 A.2d 12 (1954). The denial of a request to call an expert who was not even identified at time of trial was upheld in *Simonsen v. Barlo Plastics Co., Inc.,* 551 F.2d 469 (1st Cir. 1977). In a recent Oregon criminal case, *State v. King,* 566 P.2d 1204, 1206 (Or.App.1977), the court cited from the *ABA Standards Relating to Discovery and Procedure Before Trial,* § 4.7 (1970), as follows:

" 'Rather than attempt to provide specific sanctions for specific violations, the Committee deemed it wise to leave the sanctions by and large to the discretion of trial courts *under appellate court supervision.*' " [Emphasis supplied by the Oregon court.]

All of the cases cited illustrate that some balancing is necessary. Rules are to be interpreted to promote just and speedy decisions. There is a need to keep to a minimum the traps which might catch a litigant on the way to trial [See comment in *State v. Haakenson,* 213 N.W.2d 394, 399 (N.D. 1973)]. On the other side of the coin, if there is too literal an adherence to the "reach-the-merits" philosophy and sanctions for procedural rules violations are never used, disrespect for the rule is promoted and the purpose for the rule is soon lost.

■ Applying appropriate principles to this case, we find no justification for setting aside the discretionary ruling of the trial court which admitted the testimony of the undisclosed expert. There has been no showing of how the City was prejudiced and we will not presume that prejudice results from the exercise of a discretionary act by the trial court.

The judgment is affirmed.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.