**SOGELEASE CORPORATION, Appellee,**

v.

**McGEHEE PUBLISHING COMPANY, INC., d/b/a One Hour Photo Lab and James P. White, Sr., Appellants.**

No. 88–2494.

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1989.

Decided May 24, 1989.

William W. Benton, Pine Buff, Ark., for appellants.

C. James Kubicek, Little Rock, Ark., and John N. Villios, New York City, for appellee.

Before ARNOLD, BOWMAN, and MAGILL, Circuit Judges.

ARNOLD, Circuit Judge.

Sogelease Corporation, the appellee in this Court and the plaintiff below, brought this action against the defendants McGehee Publishing Co. and James P. White, Sr., president of McGehee, for recovery of the unpaid balance owing on photo-processing equipment that McGehee had purchased. Sogelease financed the purchase and took a security interest in the equipment.

The principal question presented is whether Sogelease's private sale of the equipment, after it had been repossessed, was commercially reasonable under § 9–504(3) of the Uniform Commercial Code.[1] The original time balance payable on the equipment was $48,293.40. In the sale whose reasonableness is at issue, Sogelease obtained $14,412.80 for the equipment. This action was brought to recover the remaining balance from the purchasers.[2]

McGehee and White argue that the sale was not commercially reasonable because (1) the equipment had been used only four months and was in excellent condition when it was repossessed, and (2) despite repeated requests, Sogelease delayed repossessing the equipment for over a year, did not attempt to resell it until five months after repossession, and made no effort to contact any buyers other than the one to which the equipment was ultimately sold.

In response, Sogelease contends that it gave notice of the private sale in compliance with the statute and solicited bids, and that the price obtained was substantially higher than prices received in prior sales of similar equipment. In explaining the difference between the purchase price and the resale price, Sogelease argued that the

---

1. The parties agreed that the law of New York would govern, and it is actually the Uniform Commercial Code as adopted by that state which applies here. New York U.C.C. § 9–504(3) (McKinney Supp.1984).

2. The amount of the deficiency judgment actually entered by the District Court in favor of Sogelease was $27,880.60. For reasons that are not important for present purposes, the parties agree that this amount is correct.

equipment had been superseded by a newer model, the market was limited to persons in the photo-processing business, and no warranties or service could be provided for the equipment.

Sogelease also offered in evidence an appraisal by an independent appraisal association, which placed the fair market value of the equipment at only $6,000.00, substantially below the actual price that it brought. McGehee objected to this evidence as hearsay, and after listening to the testimony, the District Court sustained the objection.

Following the trial, the District Court filed its opinion holding in favor of Sogelease on the issue of commercial reasonableness. It set forth the evidence on both sides, stated that the issue was close, and then mentioned as "significant" the fact that the amount obtained at the sale "was more than double the appraised value of the equipment." *Sogelease Corp. v. McGehee Publishing Co.*, 704 F.Supp. 892, 898 (E.D.Ark.1988). On appeal, McGehee and White urge vigorously that the District Court erred in relying on the very appraisal which it had excluded during trial as hearsay. Sogelease responds, in the main, that the error was harmless.

It is not suggested that the District Court's decision to exclude the appraisal as hearsay was incorrect. The issue before us, therefore, must be simply whether the error was sufficiently grave to affect substantial rights. Sogelease points out that this case was tried to the Court as factfinder. The admission of incompetent evidence, accordingly, is not so important as if the case had been tried to a jury. Sogelease cites the following standard from *Builders Steel Co. v. Commissioner of Internal Revenue*, 179 F.2d 377, 379 (8th Cir.1950), as governing the appellate function in such cases:

In the trial of a nonjury case, it is virtually impossible for a trial judge to commit reversible error by receiving incompetent evidence, whether objected to or not. An appellate court will not reverse a judgment in a nonjury case because of the admission of incompetent evidence, unless all of the competent evidence is insufficient to support the judgment or unless it affirmatively appears that the incompetent evidence induced the court to make an essential finding which would not otherwise have been made.

The present case does not fit the literal language of this standard in every respect. We cannot say that the competent evidence, that is, the evidence apart from the offending appraisal report, is insufficient to support this judgment. Nor does the District Court's opinion expressly state that its finding that the sale was commercially reasonable was induced by the appraisal report. But the situation presented here is close enough to the quoted language to be within the reason of the rule laid down. The District Court stated that the issue was very close and that there were factors which tended to favor both parties. It then mentioned two such factors as significant—that the amount obtained was higher than that obtained in previous sales of similar equipment, and that the amount received was more than double the appraised value of the equipment. The latter reference, to the appraised value, must have been based upon the inadmissible hearsay. There was no other evidence before the Court on which the statement could have been based. We conclude that the chance that the inadmissible evidence crucially influenced the finding made is too great to allow us to affirm this judgment outright on the present state of the record. On the other hand, a reversal and remand for a new trial is clearly unnecessary. The proper solution, we think, is simply to remand this case to the District Court with the request that it clarify its reasoning. Was the inadmissible appraisal report crucial to the result reached? Or would the District Court have made the same finding in the absence of the inadmissible evidence?

Accordingly, this case is remanded to the District Court for further proceedings consistent with this opinion. We request that Court, as soon as reasonably practicable, to state whether the sale was commercially reasonable, this time clearly leaving out of

account the appraisal report. If the Court again finds that the sale was commercially reasonable, we will then review that finding under the clearly-erroneous rule of Fed. R.Civ.P. 52. It will be unnecessary for further briefs to be filed. The question has already been thoroughly presented on both sides. If, on the other hand, the Court determines that the sale was not commercially reasonable, it should enter an amended judgment so stating, from which Sogelease may file a timely appeal. In either event, we request that the District Court certify its additional findings to us.

It is so ordered.