395 F.Supp.2d 805 (2005)
In the matter of AMERICANS UNITED FOR SEPARATION OF CHURCH AND STATE, et al., Plaintiffs,
v.
PRISON FELLOWSHIP MINISTRIES, et al., Defendants.
Nos. 4:03 CV 90074(L), 4:02 CV 90447, 4:04 CV 90101.
United States District Court, S.D. Iowa.
October 13, 2005.
*806 Richard B. Katskee, Americans United, Ayesha N. Khan, Americans United, Alex J. Luchenitser, Americans United, Sara Jeannette Rose, Americans United, Washington, DC, Dean A. Stowers, Rosenberg, Stowers & Morse, Des Moines, IA, Heather Lynn Weaver, Americans United, Washington, DC, for Americans United for Separation of Church and State, Carol Delp, Ardene McKeag, Dorothy Redd, Sandra Sobotka, Plaintiffs.
Gordon E. Allen, Department of Justice, H. Loraine Wallace, Department of Justice, Des Moines, IA, Robert A. Angle, Troutman Sanders LLP, Richmond, VA, Brent R. Appel, Wandro, Baer, Appel & Casper, PC, Des Moines, IA, Peter A. Gilbert, Troutman Sanders LLP, Richmond, VA, Kevin C. Newsom, Alabama Attorney General, Montgomery, AL, Megan Conway Rahman, Troutman Sanders LLP, George A. Somerville, Troutman Sanders LLP, Ashley L. Taylor, Jr., Troutman Sanders LLP, Anthony F. Troy, Troutman Sanders LLP, Richmond, VA, Michael E. Lacy, Troutman Sanders LLP, Richmond, VA, for John Baldwin in his official capacity as Acting Director of the Iowa Department of Corrections and in his individual capacity, Haywood Belle in official capacity as member of Iowa Board of Corrections and in individual capacity, Frances Colston in official capacity and as member of the Iowa Board of Corrections and in individual capacity, Innerchange Freedom Initiative Program Sued as: Innerchange Freedom Initiative, Iowa Department of Corrections Sued as: John Doe, in his official capacity as Director of the Iowa Department of Corrections and in his individual capacity Filed now under Gary Maynard, Walter Kautzky Sued as: Walter "Kip" Kautzky, Terry Mapes in his official capacity as Warden of the Newton Correctional Facility and in his individual capacity, Gary Maynard, Robyn Mills in official capacity as member of the Iowa Board of Corrections and in individual capacity, Arthur Neu in official capacity as member of the Iowa Board of Corrections and in individual capacity, Suellen Overton in official capacity as member of the Iowa Board of Corrections and in individual capacity, Prison Fellowship Ministries, Walter Reed, Jr in official capacity as member of the Iowa Board of Corrections and in individual capacity, Donald Tietz in official capacity as member of the Iowa Board of Corrections and in individual capacity, Defendants.

ORDER ON MOTIONS IN LIMINE
PRATT, District Judge.

I. INTRODUCTION
The parties in this case have submitted several in limine motions, with supporting *807 memoranda and attachments, along with responses and statements in opposition, in anticipation of the non-jury trial in this matter. See Clerk's Nos. 266-286. In the arguments set forth by the parties, however, there is scant recognition that, while the Federal Rules of Evidence are certainly in effect, the evidentiary management of a non-jury trial is simply different than when a court is acting to protect a jury, usually comprised of legal laypersons, from the prejudice risked by non-material or otherwise inadmissible evidence.[1]See Builders Steel Co. v. Comm'r of Internal Revenue, 179 F.2d 377, 379-380 (8th Cir.1950) (providing valuable, and current, guidance to a district court dealing with evidentiary matters during non-jury trial proceedings); Fields Eng'r & Equip., Inc. v. Cargill, Inc., 651 F.2d 589, 594 (8th Cir.1981) (ruling that, because an appellate court presumes that a trial court will base its findings only on competent evidence and disregard all evidence which is incompetent, there was no error when a district court did not rule on evidentiary objections during a non-jury trial); see also 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2411 (2d ed.1994) (advising a court to avoid excluding evidence in a non-jury trial).

II. MOTIONS IN LIMINE

A. Specific Motions to Exclude Either Witnesses or Other Types of Evidence

As to the motions in limine to exclude specific witnesses and pieces of evidence, this Court will follow the sage advice set forth in Builders, avoiding lengthy arguments on admissibility by reserving determination of materiality and competency until the close of evidence. At trial, objections should be made, for the record, by opposing counsel at the time a party seeks to admit disputed evidence. The Court may overrule or sustain the motion then, but reserves the right to reserve ruling in all instances. This does not mean the pre-trial briefing, by both parties, in this case has gone to waste  it will be a valuable aid to the Court when deciding the competence of the evidence presented. Accordingly, evidence the parties sought to exclude through pre-trial motion may be presented, including, but not limited to:
1) Witnesses Reginald Douglas, Chad Martinson, Kerry Guy, Jerome Ambers, Brad Longenecker, Steven Six, E. Stephen Afeman, Barbara Walwrath, and expert witness Dr. Winnifred Fallers Sullivan.[2]
*808 2) Other evidence in the form of Defendants' exhibits SSSSSS, TTTTTT, YYYYYY, ZZZZZZ, AAAAAAA, BBBBBBB, GGGGGGG, HHHHHHH, QQQQQQQ, RRRRRRR, SSSSSSS, TTTTTTT, UUUUUUU, WWWWWWW, Plaintiffs' exhibit 320,[3] and deposition testimony.

B. Motions to Include or Exclude Certain Categories of Evidence

In the same vein, the Court will allow Plaintiffs, always subject to objection, to introduce evidence described in their Motion in Limine to Admit Certain Categories of Evidence at Trial (Clerk's No. 266.1). The Plaintiffs also seek a broad order excluding any evidence exclusively related to justifying the Defendants' actions, if violative of the Establishment Clause, under the penological rationale adopted in Turner v. Safley, 482 U.S. 78, 89-91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). The Plaintiffs are correct when they state the Turner standard does not apply in this case. However, without knowing what particular evidence is being objected to, the Court is hard-pressed to rule on evidence that may be admitted for other reasons quite apart from those based on relevance under Turner. While the Court does not wish to waste valuable time on irrelevant matters, the management of evidence in this case demands wide latitude. The Plaintiffs argue that by specifically refusing to exclude Turner-related evidence, the Court will force them to present Turner-related evidence themselves  wasting valuable time in so doing. The Plaintiffs can rest assured that the Court will engage in no Turner analysis, even on alternate grounds, when deciding the matters of fact and law in this case.[4] Again, however, whether evidence is irrelevant because it applies only to an inappropriate legal standard, like Turner, cannot be something the Court determines beforehand, lest it risk disallowing material evidence.

C. Admissions by a Party-Opponent

The Plaintiffs also seek an order that deems all admissions made in Defendants' Response to Plaintiffs' Separate Statement of Undisputed Material Facts in Support of Plaintiffs' Motion for Summary Judgment ("Response"), and related supplemental factual statements, which were prepared, as required, for summary judgment purposes, as judicial admissions at trial. Apparently, in an effort to comply with the Court's order that the parties submit a joint stipulation of facts before trial, the Defendants have conceded to a more limited version of facts than were allegedly admitted to in the Response and related supplements. A distinction must be made between judicial, as opposed to, evidentiary admissions. Clearly, and the parties do not dispute this, the anticipated *809 joint statement of stipulated facts being prepared for trial should be treated as a judicial admission, binding all parties. As such, no further evidence is necessary to establish the facts contained therein. See State Farm Mut. Auto. Ins. Co. v. Worthington, 405 F.2d 683, 686 (8th Cir.1968) ("The purpose of a judicial admission is that it acts as a substitute for evidence in that it does away with the need for evidence in regard to the subject matter of the judicial admission.") (citing 9 Wigmore, Evidence § 1066 (3d. ed.1940)). To the extent any other admission is being offered by a party-opponent, if that admission has been made unequivocally, there is no showing of a material change in facts that would now render the admission untrue,[5] and otherwise the admission complies with the Federal Rules of Evidence, that admission will be accepted by the Court as an evidentiary admission under Rule 801(d)(2)(A) or, perhaps, an adoptive admission under Rule 801(d)(2)(B). As evidence, such an admission may be rebutted or otherwise explained if disputed by the party against whom it is offered. Admissions made by a party, by formal means, in an adversarial process closely (in this case, meticulously) scrutinized by experienced attorneys, should not be lightly discarded on the grounds such admissions were made for the purposes of summary judgment. See Frymire v. Peat, Marwick, Mitchell & Co., 1991 WL 66381 (N.D.Ill. April 22, 1991) (concluding, in an unreported case, that when a party placed itself in the position of asserting at the motion for summary judgment that certain facts exist without genuine dispute, that party is being disingenuous when it tried to argue such assertions could not be admitted at trial). If not made as a mere concession for the sake of argument, such statements are, after all, supposed to be the truth. If not, judicial proceedings at any stage are meaningless.

III. CONCLUSION
For the reasons set forth above, Plaintiffs' Motion in Limine to Admit Certain Categories of Evidence at Trial (Clerk's No. 266.1) is GRANTED; Plaintiffs' Motion in Limine to Deem Certain Factual Matters Admitted (Clerk's No. 267.1) is DENIED in part and GRANTED in part; Defendants' Joint Motion in Limine to Exclude Testimony of E. Stephen Afeman and Barbara Walwrath (Clerk's No. 268.1) is DENIED; Plaintiffs' Motion in Limine to Exclude All Evidence Exclusively Related to the Turner Standard (Clerk's No. 269.1) is DENIED; Defendants' Joint Motion in Limine to Exclude Plaintiffs' Exhibit 320, Selected Photographs from Prison Inspection, and Motion for Recorded Premise Visit (Clerk's No. 270.1) is DENIED as to Exhibit 320, and ruling RESERVED as to the premise visit; Defendants' Joint Motion in Limine to Exclude Testimony of Dr. Winnifred Fallers Sullivan (Clerk's No. 271.1) is DENIED; Plaintiffs' Motion in Limine to Exclude from Evidence Defendants' Previously Undisclosed Witnesses and Exhibits (Clerk's No. 273.1) is DENIED.
IT IS SO ORDERED.
NOTES
[1] The Defendants, to their credit, did make the argument that extensive pre-trial evidentiary motions are a potential waste of time. See Defs.' Mem. in Opp'n to Pls.' Mot. in Limine to Exclude All Evidence Related Exclusively to the Turner Standard (Clerk's No. 277) at 1; Defs.' Mem. of P. & A. in Opp'n to Pls.' Mot. in Limine to Admit Certain Categories of Evidence at Trial (Clerk's No. 279) at 1. The Plaintiffs, likewise, argue that materiality of an expert witness should be taken up at trial and through cross-examination. See Pls' Opp'n to Defs.' Joint Mot. in Limine to Exclude Test. of Dr. Winnifred Fallers Sullivan (Clerk's No. 285) at 1-2. Management of time is only one reason, however, to limit arguments regarding evidentiary issues during a non-jury trial, which includes pre-trial motions. Other reasons include the unique nature of appellate review (which presumes a court relies on material evidence), the risk of new trial based on the exclusion of evidence, time lost to oral (not just written, arguments), and the capability of a court to sift through evidence once admitted. Builders, 179 F.2d at 379-380.
[2] This ruling is made notwithstanding the well-reasoned order (Clerk's No. 260) by the Hon. Thomas J. Shields denying Plaintiffs' motion for the depositions of Afeman and Walwrath and declining to compel production of documents in their keeping. Such an order, however, simply does not preclude testimony at trial, especially at a non-jury trial, in which determinations of materiality and competency are usually withheld until evidence has been heard. See U.S. v. Nixon, 418 U.S. 683, 709, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) (affirming, albeit in a criminal setting, the three-centuries old maxim that "the public ... has a right to every man's evidence").
[3] The Court leaves open, for now, the question of whether a premise inspection of the Newton Correctional Facility will occur.
[4] In their Opposition (Clerk's No. 277), the Defendants request that the Court reconsider its ruling that Turner is inapplicable to Establishment Clause cases in the prison context. The Court will not do so unless presented with new, authoritative law which binds the Court on the matter.
[5] For instance, it is conceivable a party would stipulate to a fact simply in order to make a concession for the purposes of summary judgment, that is, for the sake of argument. Of course, such intent must be made explicit when making the admission.