## Otto Gas Engine Works *vs.* William A. Knerr.

Opinion filed December 8th, 1897.

**Action Tried by Court—Evidence Not Received—Mistrial.**

In this case an issue of fact was joined, and the action was tried in the District Court, without a jury, under § 5630 of the Rev. Codes. At the trial the defendant offered to prove a certain state of facts orally, by witnesses produced by him. The offer and the evidence were objected to on various grounds, and the evidence was excluded by the court, and never taken down in writing or in any manner received or preserved upon the record. *Held*, that such rulings prevented a trial of the action below, within the spirit and meaning of said section of the code, and that this court cannot consider or dispose of the case finally upon such a record. The evidence, whether admissible or not, under the rules of evidence, should have been taken down and brought upon the record and transmitted to this court for its consideration.

**Rules of Evidence Enforced.**

*Held*, further, that, while all evidence offered at a trial under said section must be preserved and brought upon the record, such section does not operate to abrogate the common law rules of evidence. Such rules are in full force, and must be applied in the decision of such cases in the District Court and in this court.

**Mistrial.**

No trial being had below, within the meaning of said section, the judgment must be reversed, and the record remitted for further proceedings.

Appeal from District Court, Cass County; *McConnell*, J.

Action by the Otto Gas Engine Works against William A. Knerr to foreclose a chattel mortgage. From a judgment for plaintiff, defendant appeals.

Reversed.

*Smith Stimmel* and *Pollock & Scott*, (*Newton & Smith*, of counsel,) for appellant.

*William C. Resser*, and *Arthur B. Wright*, for respondent.

WALLIN, J. This is an action to foreclose a chattel mortgage upon an Otto gas engine. The mortgage was given by defendant to secure the payment of a promissory note made by the defendant, and payable to the firm of Schleicher, Schumm & Co., or to the order of that firm. The plaintiff is a corporation, and alleges in its complaint "that thereafter, and prior to its maturity, said note was, for value, transferred to this plaintiff, which has since been, and now is, the holder and owner thereof." The complaint also states that the chattel mortgage in question was made and delivered of even date with the note, and that the same has been kept alive by a proper renewal thereof, and that the conditions of the mortgage had been broken by the non-payment of the note. To this complaint defendant filed an answer, which in terms admitted the execution of the note and mortgage, and, by its silence, admits all the other averments contained in the complaint. The answer further embodied new matter by way of counterclaim, which, in the view we have taken of the record, need not be set out in detail. It will suffice to say that the answer avers, in substance, that said note was given for part of the purchase price of said Otto gas engine, which engine was sold by said firm of Schleicher, Schumm & Co. to the defendant; that said firm entered into certain warranties as to the construction and capacity of said engine, which warranties were broken;. and that defendant was damaged thereby. To the new matter in the answer, plaintiff replied by a general denial. At the trial the plaintiff, under objection, introduced in evidence a deposition

which is contained in the record, and from which it appears that the plaintiff purchased the note for value, before its maturity, and that, at the time of the purchase, the note was indorsed by the payee, and in due course delivered to the plaintiff, and that plaintiff received the note without notice of any defenses thereto. Upon this evidence, plaintiff rested its case. The defendant then offered certain depositions in evidence, which were received without objection, and which are embodied in the record. Defendant next offered in evidence the deposition of one Ames, which deposition, being objected to, was ruled out by the trial court, and does not appear in the record sent to this court. Defendant's counsel then offered orally to show certain specific facts by the deposition. This offer was objected to, and the objection was sustained. The defendant, who had been previously sworn as a witness, was then recalled to testify in defendant's behalf; whereupon defendant's counsel, without propounding a question to the witness, made a certain offer of testimony, in the following language: "I offer to prove by Mr. Knerr the same things stated in Mr. Ames' deposition, and for the same reasons, and further offered to show that defendant has been damaged in the sum of over three thousand four hundred and ten dollars, by reason of the engine not having the power that he claims it should have had under the purchase of this engine." The defendant at the same time further offered to show, "by letter dated Philadelphia, October 5, 1894, addressed to Mr. Knerr, and signed by the Otto Gas Engine works, per Frederick Berdan, secretary and treasurer, going to show that they had notice of the claims of Mr. Knerr for a defense in this action." The defense also, at the same time, offered another letter from plaintiff to defendant, dated October 8th, and still another letter to defendant, written by Schleicher, Schumm & Co. All of the evidence so offered was objected to by plaintiff's counsel, for various reasons, which appear in the record. The objection was sustained, and the evidence excluded. The letters so offered appear in the record, but the oral testimony of the defendant does not and cannot appear in this record, for

the obvious reason that such oral testimony was never given at all, nor was any part of it given or taken down in writing in the trial court, or in any manner preserved. Defendant's counsel next offered the depositions of two other witnesses with reference to the character of the engine in question. These depositions were excluded upon the same ground advanced by plaintiff as against the Ames deposition. Neither of these two last named depositions appears in the record. Other oral testimony bearing upon the defensive matter set out in the answer was offered in behalf of the defendant, and was excluded upon the same grounds. Such oral evidence, never having been reduced to writing, nor received at all by the trial court, does not and cannot appear in the record sent to this court.

Pausing here, and summarizing what has been said concerning the state of the record before us, it appears that in addition to certain evidence which was offered and received at the trial, and which is incorporated with the record, a certain deposition, viz. that of Ames, was offered in evidence by the defendant, and ruled out below, and that such evidence is not embraced in the record sent here; second, that a certain oral evidence, having reference to the subject matter of the defense pleaded in the answer, was offered, and, upon plaintiff's objection was excluded by the order of the court below, and not taken down or preserved. This oral evidence so offered and excluded was of the same general tenor as that embodied in the Ames deposition, and was excluded by the trial court upon precisely the same ground, viz. that, when it was offered, the defendant had not by any evidence shown that the plaintiff was not a good faith purchaser of the note, without notice of defenses. This record presents an important question of procedure. The issues joined were issues of fact, and the trial was had before the court without a jury. At the time of the trial, § 5630 of the revised Codes was in force, and hence the case was necessarily heard and determined under the provisions of that section. Said section provides that in "all actions tried in the District Court without a jury, in which an

issue of fact has been joined, all the evidence offered on the trial shall be received." Assuming that a certain deposition offered in evidence by the defendant, which, by the ruling of the trial court, was excluded as evidence, and has not been sent to this court, is omitted from the statement of the case by the laches 'of the appellant, and that appellant cannot take advantages here of the absence of such deposition, the important fact remains that the oral evidence of certain witnesses for the defendant, which was offered in the court below, was not received nor taken down in writing or otherwise preserved in the court ·below. Counsel for plaintiff strenuously contend in this court that the evidence so offered and excluded was clearly inadmissible under the rules of evidence, and this upon the ground that the defense set out in the answer was not available as against the plaintiff, because at the time when it was offered, the defendant had not shown that the plaintiff, when it purchased the note, had notice of any defenses to the note. In view of all the evidence offered and received in the case, we deem it improper, upon this record, to pass upon the merits of the legal questions presented by counsel. It is defendant's contention that the evidence, in certain letters, tends to show notice to plaintiff of the defense set out in the answer; and, further, that, aside from all questions of notice, the defense set out in the answer is available to defendant as a counterclaim, because the plaintiff, in the same transaction whereby it bought the note, assumed all the liabilities of the payees, and thereby, as counsel argue, assumed the liability arising out of the warranties made upon the sale of the engine. Defendant further contends that, on account of the relation of the note to the mortgage given to secure the same, the note was nonnegotiable, and hence was taken by the plaintiff as a mere chose in action. As we have said, these contentions and arguments present questions of law, which cannot now be considered. We are not sitting in this case, nor can we sit in any case tried under § 5630, *supra,* to review errors of mere procedure in the court below. In this class of cases we are required by the statute to "try the case anew and

render final judgment thereon according to the justice of the case." This statute clearly contemplates a new trial in this court upon the record made below, embracing the evidence offered below and the whole of that evidence. The section as originally enacted expressly required that "all evidence offered in the trial shall be taken down in writing." Laws 1893, Ch. 82, § 1. This precise language was omitted in the revision of the codes, but we are clear that the substance of the provision is retained, inasmuch as § 5630 requires that the statement of the case which the section provides for shall contain "all the evidence offered at the trial." This provision is in harmony with the original purpose of the statute, which was to transmit to the Supreme Court all evidence offered below, to the end that the court of last resort might dispose of the controversy finally, without a new trial in the District Court. To accomplish such purpose, the statute provides that all evidence offered below shall be preserved in the record to be sent to this court. 'We are to deal with the evidence offered, and, to do so, it must assume the form of evidence, and be written down or otherwise preserved in the court below. This was not done in the case at bar. What the witnesses whose testimony was excluded would have said if allowed to testify is matter of mere conjecture, and whether under the rules of evidence, their testimony could be properly considered, either in the court below or in this court, is foreign to the question we are considering. Whether admissible or not under common-law rules of evidence, the court below, under the provisions of the statute, was bound to have it brought upon the record, objections thereto being noted and preserved. We do not imply nor intend to say that improper or inadmissible evidence can be considered in deciding a case in any of the courts of this state when properly objected to. Such a holding, in our opinion, would amount to a public calamity. What we say and intend to say is that in trials under § 5630, where an appeal is taken, all evidence offered must be brought upon the record in the District Court, in order that it may furnish the basis for a decision in this court. If, against

objection, improper evidence is introduced below, we can correct the error here by excluding such evidence in considering the record. In the trial of this case it affirmatively appears that the court below violated the letter and spirit of the statute by excluding from the record certain oral testimony offered by the defendant, thereby preventing any consideration of such testimony in this court. We cannot uphold such a ruling, and allow it to stand as a precedent. To do so, in our view of the statute, would operate to defeat the legislative purpose. This holding must necessarily result in the disposition of the case by this court upon a question of mere procedure,—a result always to be deplored. The adjustment of the real controversy between the parties must be postponed until a trial is first had in the District Court, in conformity to the requirements of the statute under which the action was necessarily tried. The statute was a sweeping innovation, upon well-established procedure as it existed in all the code states; and, in the opinion of the writer at least, it has proven to be a disastrous experiment.

The judgment must be reversed, and the record will be sent down for further proceedings. All the judges concurring.