DORIS RENWICK, Plaintiff-Appellee, *v.* ROBERT R. RENWICK, Defendant-Appellant.

Second District   No. 76-123

Opinion filed September 23, 1977.

Schaffner & Ariano, of Elgin, for appellant.

Richard H. Balog, James A. Muehlausen, and C. Kenneth Blood, all of Shearer, O'Brien, Blood, Agrella & Boose, of St. Charles, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an appeal from a decree which granted a divorce to the plaintiff, Doris Renwick. On the defendant's appeal, the issues we are to consider are (1) whether the trial court erred in ordering defendant to make mortgage payments on the marital home when no alimony was requested; (2) whether the trial court erred in denying defendant's counterclaim for partition of the marital home; (3) whether the trial court abused its discretion in finding no special equity in defendant; and (4) whether the trial court abused its discretion by ordering defendant to contribute to plaintiff's attorney's fees.

Plaintiff, Doris Renwick, filed a complaint for divorce which, among other relief prayed for, requested child support, attorney's fees, and a determination of the rights of the parties in their real estate. Defendant, Robert Renwick, filed a counterclaim for partition in which he averred special equities based on an allegation that he had made the down payment and all mortgage payments. The trial court granted a divorce to plaintiff, granted child support, required the defendant to make the mortgage payments on the marital home, allowed plaintiff to live with the children in the marital home, and ordered defendant to pay certain of plaintiff's attorney's fees. The court also found no special equities in defendant and denied his counterclaim for partition.

Defendant first contends that because plaintiff made no request for alimony in any form, the trial court did not have authority to require defendant to make the mortgage payments as set forth above. This contention is without merit, as we find that the following comment from the record indicates that the mortgage payments were to be a part of the child support:

> "THE COURT: All right. And I would further direct the child support payments in the amount of—just a minute. Fifty dollars per child and further that he pay the mortgage each month * * *."

Because plaintiff did request child support and the mortgage payments were to be a part of that support, defendant's contention that they were improperly granted as alimony must fail.

■■ The marital home was held in joint tenancy. Defendant contends that the trial court erred in denying partition of this real estate. We agree. It has long been the law in Illinois that partition is a matter of right where property is held in joint tenancy or tenancy in common. (*Hill v. Reno* (1883), 112 Ill. 154; *Murphy v. Murphy* (1931), 343 Ill. 234, 175 N.E. 378.) Further, when presented with the question of whether the right to partition should yield where, as here, a family home and minor children are involved, the supreme court has stated that it would not create such an exception, because its effect would be to deprive both parents of the full rights, benefits, and remedies available to them. (*Heldt v. Heldt* (1963), 29 Ill. 2d 61, 193 N.E.2d 7.) Applying these cases to the cause before us, we hold that the trial court erred in denying defendant his right to partition. This cause will therefore be remanded to conduct the partition. Because mortgage payments will no longer be necessary as a result of the partition, we remand also for a redetermination of the amount of child support which defendant is to make. However, we specifically affirm the trial court's finding that no special equities exist in defendant.

■■ Defendant argues lastly that the trial court erred in ordering him to pay certain of plaintiff's attorney's fees. The record shows that defendant did not request a hearing on the issue of attorney's fees. Therefore, we hold that in the absence of such a request, the issue may not be raised for the first time on appeal.

The judgment of the circuit court of Kane County is therefore affirmed in part and reversed in part and remanded for partition proceedings and for a redetermination of child support.

Affirmed in part, reversed in part and remanded with instructions.

NASH and BOYLE, JJ., concur.