WILLIAM C. WURM, Plaintiff-Appellant, *v.* JUDITH O. WURM, Defendant-Appellee.

Third District   No. 78-17

Opinion filed January 31, 1979.

Ronald E. Boyer, of Fleming, McGrew & Boyer, of Watseka, for appellant.

Paul H. Vallandigham, of Winkelmann & Winkelmann, of Urbana, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Iroquois County granting permanent custody of three minor children, Ronald Wurm, Russell Wurm, and Robert Wurm, to their mother and the respondent in this cause, Judith O. Wurm. The order granting permanent custody was rendered on November 4, 1977, in a decree which was supplemental to a decree of April 18, 1977, granting a divorce from the respondent to the father of the children and petitioner in this cause, William C. Wurm. The petitioner argues on appeal that the award of custody was contrary to the best interests of the children, was against the manifest weight of the evidence, and was unconstitutionally grounded on the "tender years doctrine." Because petitioner alleges that the trial court decision was contrary to the best interest of the child, it becomes necessary as a threshhold matter to identify what statutory standard ought to be applied in determining the child's best interest.

■■ The decree of divorce was entered in this cause on April 18, 1977, but the order granting permanent custody to the respondent was not rendered until November 4, 1977. The Illinois Marriage and Dissolution of Marriage Act took effect on October 1, 1977. The Act provides that it shall apply "to all pending actions and proceedings commenced prior to its effective date with respect to issues on which a judgment has not been entered." (Ill. Rev. Stat. 1977, ch. 40, par. 801(b).) Inasmuch as the judgment resolving the custody issue in the instant case was not rendered until after the effective date of the new act, the statutory standard for determining the best interest of the child must be as set forth in the Illinois Marriage and Dissolution of Marriage Act. *Schubert v. Schubert* (1978), 66 Ill. App. 3d 29; *West v. West* (1978), 62 Ill. App. 3d 963, 379 N.E.2d 930.

The new act sets forth the standard for awarding child custody as follows:

"(a) The court shall determine custody in accordance with the best interest of the child. The court shall consider all relevant factors including:

(1) the wishes of the child's parent or parents as to his custody;

(2) the wishes of the child as to his custodian;

(3) the interaction and interrelationship of the child with his parent or parents, his siblings and any other person who may significantly affect the child's best interest;

(4) the child's adjustment to his home, school and community; and

(5) the mental and physical health of all individuals involved.

(b) The court shall not consider conduct of a present or

proposed custodian that does not affect his relationship to the child." (Ill. Rev. Stat. 1977, ch. 40, par. 602.)

We note that the statute speaks in the imperative, as it directs that the trial court "shall" consider the enumerated factors.

The judgment of the Iroquois County circuit court fails to make any findings with regard to the enumerated factors. The judgment order's summary conclusions are hereinafter set forth by way of illustration:

"This cause coming on for further hearing on the issue of the custody of the parties' three children * * *, the Court having heard evidence and arguments of counsel, and being fully advised, finds:

1. That both parties are fit and proper persons to have the custody of the minor children;

2. That it is in the best interests of the minor children that they be placed in the custody of the Defendant."

There is no finding as to the wishes of the children. There is no finding as to the children's interaction and interrelationship with others. There is no finding as to the children's adjustment to their home, their school and their community, nor is there any finding as to the mental and physical health of the individuals involved herein. In short, we find omitted from the findings of the court those factors which the Act mandates that the trial court "shall consider."

In *West v. West,* where the judgment order failed to contain the findings required by section 401(2) of the new act, the appellate court held that reversible error resulted. This was so even though the trial was completed in July of 1977. Because the judgment was not entered until November 2, 1977, the standards of the new act were held applicable and upon remand the trial court was ordered to reconsider its decision regarding the grounds for divorce in light of those standards.

In *Schubert v. Schubert,* where the judgment order failed to comply with the requirements of section 503(a)-(b), reversible error also resulted. Even though the action was commenced in June of 1977 and trial was completed in September of 1977, because the judgment was not entered until October 31, 1977, the new act established the statutory standard by which division of property was to be determined. It was necessary to remand the *Schubert* case for reconsideration in light of the change in law.

In the instant case, it is apparent from the obvious omissions in the trial court order that there was a failure to take cognizance of the change in law. We make no intimation as to how the application of the Illinois Marriage and Dissolution of Marriage Act will affect the ultimate custody decision. However, we agree with petitioner that the judgment below cannot be affirmed as consistent with the best interests of the children

when the judgment is silent as to those factors which the applicable statute requires that the court consider. It is unnecessary to reach the other issues raised on this appeal, as upon remand it is unlikely they will recur.

We hereby reverse the judgment of the circuit court of Iroquois County and remand this case to the circuit court of said county with directions to reconsider its decision in light of the guidelines herein set forth.

Reversed and remanded.

BARRY, P. J., and STENGEL, J., concur.