*In re* MARRIAGE OF JOHN AUER, Petitioner-Appellee, and MARIA AUER, Respondent-Appellant.

First District (2nd Division)    No. 79-2075

Opinion filed July 1, 1980.

---

Thomas Peters and Michael Litton, both of Chicago (Murphy, Putnick, Peters & Davis, of counsel), for appellant.

Walter D. Cummings, of Homewood (John T. Doody, Jr., of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:
This case concerns a child custody award made by the trial court in a

dissolution of marriage proceeding instituted by the petitioner, John Auer (John). Among its judgment determinations, the court granted John's petition for custody of the two minor children born of the marriage of John and respondent, Maria Auer (Maria). From this custody award, Maria appeals. She asks the court to reverse the custody decision, contending that (1) the trial court erred in failing to set forth either on the record or in the judgment its findings as to the specific factors which the statute requires the court to examine in making the initial permanent custody award, (2) the trial court erred in accepting the testimony of a particular psychologist as to Maria's mental condition, (3) the trial court erred in allowing the impeachment of one of Maria's witnesses with a report which, Maria argues, the witness did not prepare, and (4) the trial court erred in finding that the best interests of the children required that John receive custody of them.

John and Maria were married in Illinois on March 30, 1967. Two sons were born of the marriage: the first on November 7, 1971, and the second on November 14, 1973. After several years of marital difficulty, the parties separated on October 1, 1978. The children remained in Maria's custody in the family residence. John filed for dissolution of marriage on February 5, 1979, alleging extreme and repeated mental cruelty by Maria as grounds. John asked that he be awarded permanent custody of the children.

An agreed order was entered on March 16, 1979, granting temporary custody of the children to Maria. On May 11, 1979, a second agreed order was entered requiring both parties and the children to submit to mental examinations to be conducted by a psychologist chosen by Maria's original attorney (who himself later withdrew from the case). The report of this psychologist was thereafter filed with the court. One of the recommendations was that custody of the children be placed with John. Maria's new counsel then petitioned the court to exclude the psychologist as a witness at the custody hearing. The grounds alleged that he was not qualified to testify as to Maria's mental condition since he was not a psychiatrist and therefore not a medical expert. The petition was denied.

At the proveup, the trial court found adequate grounds to decree dissolution of the marriage, and set the issue of child custody for a later hearing. The testimony of several witnesses was taken at the custody hearing to apprise the court of the best interests of the children. Among the witnesses were three psychologists, a psychiatrist, an investigative caseworker for the Cook County Department of Social Services, teachers of the older child, two police officers from the village of the family residence, and the parties themselves. One of the psychologists testifying was the person whose testimony Maria had sought to exclude.

After hearing several days of testimony, the trial court determined that the best interests of the children required that their father receive custody of them. From that determination, Maria appeals.

## I.

We first consider Maria's contention that the trial court disregarded a statutory directive by failing to discuss on the record or indicate in the judgment its findings as to each of the specific factors which the statute directs the trial court to consider in awarding child custody. She does not find this directive in the specific language of the provision in question, section 602(a) of the Illinois Marriage and Dissolution of Marriage Act (Act). (Ill. Rev. Stat. 1977, ch. 40, par. 602(a).) Rather, she draws an analogy between the legislative policy of section 602(a) and that of section 610(b) of the Act, which concerns modification of child custody awards. (Ill. Rev. Stat. 1977, ch. 40, par. 610(b).) With this analogy drawn, she relies upon the recent supreme court decision in *In re Custody of Harne* (1979), 77 Ill. 2d 414, 420, 396 N.E.2d 499. The supreme court there held that specific findings are required when action is taken under section 610(b). Maria argues that the policy identified as the basis for that holding is equally applicable to section 602(a).

This court in *In re Marriage of Atkinson* (1980), 82 Ill. App. 3d 617, 623-24, 402 N.E.2d 831, held that section 602(a) and section 610(b) of the Act were distinguishable. The court noted that the language of section 610(b) requires a "finding" that one of the three specified conditions for custody modification is met, while section 602(a) only requires the court to "consider" five listed factors. We agree that section 602(a) does not require explicit findings to be made. *In re Custody of Allen* (1980), 81 Ill. App. 3d 517, 519-20, 401 N.E.2d 608; *Drury v. Drury* (1978), 65 Ill. App. 3d 290, 294-95, 382 N.E.2d 608; *contra, Wurm v. Wurm* (1979), 68 Ill. App. 3d 168, 169-70, 385 N.E.2d 894.

While specific findings are not required, it is nevertheless imperative that there be "* * * some indication in the record that the trial court considered the factors listed." (*Melear v. Melear* (1979), 76 Ill. App. 3d 706, 708-09, 395 N.E.2d 208.) Our search of the record satisfies us that the decision of the trial court in this case meets the statutory requirements for initial custody determinations.

## II.

Maria contends that the trial court erred in accepting the testimony of a psychologist as to Maria's mental condition, arguing that he was not qualified under the rules of evidence to give such testimony.

The record indicates that the psychologist in question was chosen by

Maria's first attorney to conduct mental examinations of the parties and their two children. There appears to be no reason to dispute the individual's professional qualifications.[1] The examinations were made, and the psychologist's report was filed with the court. Only when it was clear that the psychologist was recommending that custody of the children be placed with John did Maria object to the use of the examiner's findings. Under these circumstances, Maria cannot be heard to belatedly object to the use of the testimony. Her earlier actions in bringing this witness into the case serve to waive any later attacks upon the qualifications and validity of this psychologist's findings.

■■ Further, it appears that the testimony of psychologists is generally acceptable in these types of cases.[2] In *In re Marriage of Sieck* (1979), 78 Ill. App. 3d 204, 216, 396 N.E.2d 1214, this court noted that "[t]he testimony of the psychologist, of course, is not determinative of the issue of custody, yet it may be properly considered with respect to whatever illumination it may provide to the court in identifying the best interests of the children." The policy of section 604(b) of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 604(b)), under which the psychologist appeared, is to provide the court with as much relevant evidence as can be secured concerning the best interests of the children (9A Uniform Laws Annotated, Uniform Marriage and Divorce Act §404, Commissioner's Note (1973)). The testimony in question falls within the scope of that policy.

■■ Maria argues that since the test given to her by the psychologist was admittedly invalid, his opinion as to her mental status should have been excluded. We note that the trial court was fully aware of this fact and presumably took account of it in its evaluation of the evidence. The psychologist also testified that he relied on his observations of patients in reaching findings. Additionally, there was other testimony as to Maria's mental status from another examining psychologist which was available for comparison purposes. Therefore, we find that there was no error committed in the trial court's acceptance of the testimony of the psychologist in question.

---

[1] The record indicates that the examiner is an Illinois State certified psychologist, licensed almost 10 months prior to the trial. He has a B.A., Masters, and Ph.D. in psychology. He has done one year of post-doctorate work at Indiana University and interned at West Virginia Medical Center. At the time of the trial, he was working full time in the pediatrics section of a hospital, and was director of the behavioral science curriculum at that hospital for 18 months prior thereto.

[2] Maria relies entirely on the standards of criminal cases as to the availability of psychologist testimony in making her argument, focusing on *People v. Noble* (1969), 42 Ill. 2d 425, 248 N.E.2d 96. These standards evolved to control the presentation of psychologists' opinions (rather than that of psychiatrists) on the crucial issues of defendant's mental competency to stand trial or the validity of an insanity defense. Such circumstances are clearly distinct from those present in a child custody case, where the mental status of the parties is but one of at least five concerns of the court in evaluating the best interest of the child, and where there is a clear policy that the court be presented with as much evidence as possible.

## III.

Maria suggests that section 605 of the Act, concerned with investigative reports, limits such reports to use only in impeachment and only for the impeachment of the investigator-author of the report. Ill. Rev. Stat. 1977, ch. 40, par. 605.

At trial, John's counsel attempted to impeach one of Maria's witnesses, a teacher of the older child, with an evaluation form she prepared which became part of the investigative report ordered by the court under section 605. Section 605 clearly states that the court shall not examine reports drawn by investigators under this provision, and that the report "shall only be used for impeachment purposes."[3] (Ill. Rev. Stat. 1977, ch. 40, par. 605(c).) Maria argues that the clear intent of the legislature was to limit this impeachment to the author of the report, and that since the witness impeached by John's counsel was not the author, the impeachment was erroneous.

■■ This argument overlooks other language found in the same statutory subsection. The statute states that "[a]ny party to the proceeding may call the investigator, *or any person whom he* [investigator] *has consulted,* as a court's witness, for cross-examination." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 40, par. 605(c).) An inconsistency in the statute would be created if the parties could cross-examine anyone involved in the making of the report but could impeach only the investigator himself. Only one logically consistent reading of section 605(c) is possible. Impeachment of a consultee of the preparer of a section 605 report is valid when, and only when, that consultee's work product was entered verbatim in its entirety into the overall report prepared by the investigator. Such is the case here. Therefore, no error was committed in allowing the impeachment which occurred in this case.

## IV.

Maria urges that the record indicates that the best interests of the children require an award of custody to her, and not to John.

■■ It is beyond dispute that since a trial court has ample opportunity to observe both the parents and the witnesses and is in the best position to assess and evaluate their testimony, its determination as to the child custody issue will not be disturbed unless it results in a manifest injustice or is against the manifest weight of the evidence. (*In re Marriage of Sieck,* at 218.) The trial judge has broad discretion to decide custody matters. (*DeFranco v. DeFranco* (1978), 67 Ill. App. 3d 760, 766, 384 N.E.2d 997, *leave to appeal denied* (1979), 75 Ill. 2d 590.) Our analysis of the record

---

[3] This restriction is unique to Illinois. It does not appear in the Uniform Marriage and Divorce Act and has apparently not been so enacted elsewhere. See 9A Uniform Laws Annotated, Uniform Marriage and Divorce Act §405 (1973).

indicates that the trial court's decision is neither against the manifest weight of the evidence nor one which results in manifest injustice. We therefore decline to overturn the court's award of custody of the children to John.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

PERLIN, P. J., and STAMOS, J., concur.