*In re* MARRIAGE OF JACQUELINE SHEDBALKAR, Petitioner-Appellee and Cross-Appellant, and A. RASHIED SHEDBALKAR, Respondent-Appellant and Cross-Appellee.

First District (3rd Division)    No. 80-833, 80-1443 cons.

Opinion filed March 25, 1981.

138

Roderick F. Mollison, of Chicago, for appellant.

Mel Sloan, and Barry A. Schatz, of Rinella & Rinella, Ltd., both of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This was a suit and countersuit for dissolution of marriage. The trial court entered a judgment of dissolution and neither party appeals that portion of the judgment. Respondent, Dr. A. Rashied Shedbalkar, appeals from the trial court's order imposing attorneys' fees on respondent and awarding custody of the parties' four minor children to the petitioner, Jacqueline Shedbalkar. Petitioner has filed a cross-appeal challenging the trial court's award of property, maintenance and support.

The parties were married on August 19, 1966. Four children were born to them: Fareen, age 12 years, David, age 10 years, Yasmine, age 9 years, and Joseph, age 8 years. Another child, Lisa, had been adopted by the parties but was an adult at the time of these proceedings.

Respondent is self-employed as a plastic surgeon. In prior years he had reported income of as much as $160,000 per year, but in the year prior to the proceedings his income was reported at $52,000. The parties had a high standard of living. They owned a home in North Barrington, worth $150,000 to $170,000. They also owned four automobiles, two Mercedes and two Oldsmobiles. The home contained furnishings assessed at $10,000, and the parties owned antiques valued at $15,000.

■■ We first address respondent's contention that the trial court erred in awarding custody of the four minor children to petitioner. He initially maintains that, in making that determination of custody, the court erred in not enumerating specific findings. We have repeatedly held that section 602 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 602), which directs the trial court to "consider all relevant factors," does not require the enumeration of specific findings by the trial court; the statute does require, however, that the record reflect that evidence of the statutory factors was considered by the trial court before making its decision. (*In re Marriage of Kennedy* (1981), 94 Ill. App. 3d 537; *In re Marriage of Auer* (1980), 86 Ill. App. 3d 84, 407 N.E.2d 1034; *In re Marriage of Atkinson* (1980), 82 Ill. App. 3d 617, 402 N.E.2d 831.)

Section 602 thus contains a mandate distinct from that of section 610(b) of the Act which expressly requires the court to find that one of three bases for modifying custody exists. See *In re Custody of Harne* (1979), 77 Ill. 2d 414, 396 N.E.2d 499.

The record reveals that the trial court took evidence on and did consider all the statutory factors prior to awarding custody of the children to petitioner. The court personally interviewed each child and asked questions regarding the child's parental preference, the child's attitude towards school, home and siblings, and the child's particular interests. In the court's interview with the children, it was learned that the oldest minor child wished to live with respondent, two of the children wished to remain with petitioner, and the fourth child didn't know. A court-appointed psychiatrist presented additional evidence evaluating these factors. The parties, the adult daughter, the court-appointed children's attorney, neighbors and school personnel testified regarding the children. The trial court specifically prefaced its decision with the statement that it had considered the section 602 factors. The record clearly indicates sufficient evidence to support a conclusion of compliance with section 602.

■■ We also cannot say that the trial court's decision as to custody is against the manifest weight of the evidence. The psychiatrist testified that he could not say either party was unfit to have custody of the children. Other witnesses similarly testified regarding the virtue of each parent's ability to raise the children. The trial court is in a better position than the reviewing court to evaluate the credibility of the witnesses and the needs of the children in custody cases. (*In re Marriage of Atkinson* (1980), 82 Ill. App. 3d 617, 402 N.E.2d 831.) We cannot say that the trial court's decision to award custody of the children to petitioner is erroneous.

■■ Nor was the trial court bound, as respondent suggests, to follow the psychiatrist's recommendation that it was in the children's best interests to be placed in respondent's custody. The psychiatrist also stated that, although there was no consensus by the children that they preferred to live with their father, he thought they would prefer to do so. We do not believe that the psychiatrist's testimony is conclusive on the issue of custody. The trial court appropriately exercised its discretion to consider the psychiatrist's testimony, along with all the evidence, to determine the custody issue. We also note that the parties' adult daughter testified in support of petitioner and that the children's attorney recommended that custody be awarded to petitioner.

We next consider respondent's contention that the court erroneously entered judgment against him to pay nearly all of the attorneys' fees in the matter. Respondent was ordered to pay $22,000 to petitioner's attorney,

$20,594.95 to his own attorney, and $2,500 to the children's attorney. (Petitioner was ordered to pay $1,000 to the children's attorney.)

Respondent does not challenge the reasonableness of the fees awarded. Rather he maintains that the entry of a judgment in favor of the attorneys, who were not joined as parties, deprived him of his due process rights to assert a counterclaim or certain affirmative defenses. He also argues that he was denied a right to trial by jury and that he is subjected to repeated liability for fees because the judgment is not *res judicata*.

■■ We do not believe that respondent suffered a deprivation of any right by the trial court's award of fees under section 508 of the Act. Pursuant to the Act, respondent could have had a full and separate hearing on the issue of attorneys' fees. Instead, the three attorneys submitted detailed petitions for fees and discussed with the trial court the issue of fees based on evidence already presented in the proceedings. Beyond that, no evidentiary hearing was sought nor was any other request made by either party. Moreover, respondent did not attempt to assert a counterclaim, demand a jury trial, seek discovery, or attempt to raise any affirmative matter. In the present posture of this case respondent has waived any alleged rights and cannot be deemed to have suffered any deprivation under the statute. (*Cf. Renwick v. Renwick* (1977), 52 Ill. App. 3d 701, 367 N.E.2d 1009.) The award of fees is ordinarily within the discretion of the trial court. (*Canady v. Canady* (1964), 30 Ill. 2d 440, 197 N.E.2d 42.) In the present case, the trial court did not abuse that discretion.

■■ ■ Contrary to respondent's contention, the party against whom a judgment for fees is entered is not subject to repeated liability. It may be levied upon like any other judgment and, as such, it is susceptible to the usual principles of *res judicata*. Section 508 confers the right to due notice and a full hearing at a party's request. It thus contains mechanisms for the protection of due process prior to the entry of judgment. Nor was there any constitutional infirmity in the awarding of fees in favor of respondent's own attorney. See *In re Marriage of Galvin* (1981), 94 Ill. App. 3d 1032.

Respondent also argues that the trial court failed to comply with the statutory requirement that a finding be made of petitioner's inability to pay her own fees. Although no evidentiary hearing took place on the issue of fees, evidence had earlier been presented by the parties as to petitioner's assets and potential for employment. Petitioner testified that, apart from the marital property, she owned no assets. She was a housewife and was unemployed. Based on this evidence and on respondent's income, the trial court found that petitioner's ability to pay fees was "remote," and that the parties incomes were "grossly disproportionate."

■■ The inability to pay need not be tantamount to destitution, and the

court may consider one spouse's greater financial ability before awarding fees. (*Kaufman v. Kaufman* (1974), 22 Ill. App. 3d 1045, 318 N.E.2d 282.) Under the circumstances here, the trial court's finding that petitioner's ability to pay was remote constituted sufficient compliance with the Act. The trial court had before it sufficient evidence to make a finding of the parties' relative abilities to pay fees, and neither side requested that additional evidence be heard on the issue. When petitioner's attorney argued from the evidence as to her inability to pay fees, respondent's counsel made no attempt to rebut the point. Although the trial court awarded petitioner 50% of the proceeds of the sale of the marital residence worth at least $150,000, the record reveals an indebtedness on the home of $75,000. Consequently, the trial court's determination that petitioner's ability to pay fees was remote is supported by the evidence.

Petitioner has filed a cross-appeal challenging the award of property, maintenance and support to her. She maintains that the court improperly denied her an evidentiary hearing on these matters, and that the trial court abused its discretion in deciding these issues.

The trial court found that the marital residence had a value of $150,000 to $170,000. The court ordered the residence sold and the proceeds divided equally between the parties. The court awarded the furnishings, valued at $10,000, to petitioner. The antiques, valued at $15,000, were ordered sold and the proceeds divided equally between the parties. The court awarded two automobiles to each party. Petitioner was awarded $307 per week for maintenance and support, which amount was to be reduced 20% as each child attained majority. The amount of $307 was determined to be 50% of respondent's weekly net income. Petitioner was barred from any interest in respondent's medical practice. In any event respondent's responsibility for maintenance and support was to terminate 10 years and 1 month from the date of judgment. The court ordered petitioner to pay some outstanding marital debts while respondent was ordered to pay other such debts.

■■ The simple answer to petitioner's complaint that she was deprived of an evidentiary hearing on the issue of property, maintenance and support is that she did not request one. A reviewing court will not examine an issue not raised in the trial court. (*Hux v. Raben* (1967), 38 Ill. 2d 223, 230 N.E.2d 831.) Two separate hearings were conducted on these issues. At no time during these hearings did either side offer witnesses or request an opportunity to present evidence apart from exhibits. At the first such hearing, petitioner's counsel stated: "The Court has heard the position of the parties in chambers." The trial court acknowledged that extensive conferences had taken place in chambers with counsel and the parties. Petitioner's counsel then discussed the parties' assets and petitioner's

needs in light of evidence introduced at earlier proceedings. The trial court stated that it had considered all the exhibits, the statements of counsel and the maintenance provisions under the Act. The parties invited the court to make a ruling on the support and maintenance issues and the court made highly detailed findings. Accordingly, we find that since petitioner did not request a hearing she was not denied an evidentiary hearing on these issues. *Cf. Renwick v. Renwick* (1977), 52 Ill. App. 3d 701, 367 N.E.2d 1009.

Nor did petitioner request an evidentiary hearing on the issue of marital debts which was addressed at the second hearing. Petitioner's counsel called the court's attention to petitions pending on the marital debts issue. In discussing this issue, counsel for both sides and the trial court again acknowledged that an extensive conference was had in chambers. Petitioner's counsel offered no witness or other evidence, but stated: "Before your Honor rules, may I just make a statement to the Court." Petitioner clearly waived any right to an evidentiary hearing on the issue of marital debts.

■■ For the same reasons, we are unwilling to hold that the trial court abused its discretion in its award of property, maintenance and support. The parties invited the court to determine these matters on the pleadings, on the evidence it had heard throughout the proceedings, on the statements of counsel, and on the basis of extended discussions in chambers. The record reflects that the court considered all the statutory factors set forth in the Act. In the absence of a showing that this was not done, we are not free to speculate that the court abused its discretion in awarding property, maintenance and support.

For the reasons stated, the judgment of the circuit court of Cook County as to custody, attorney's fees, property, maintenance and support is affirmed.

Judgment affirmed.

RIZZI, P. J., and WHITE, J., concur.