Jeannette E. MARTIN, Plaintiff and Appellee,

v.

Alfred MARTIN, Defendant and Appellant.

Civ. No. 9894.

Supreme Court of North Dakota.

April 23, 1981.

Farhart, Rasmuson, Lian & Maxson, Minot, for plaintiff and appellee; argued by Moody M. Farhart, Minot.

McClintock, Butz & Kraft, Rugby, for defendant and appellant; argued by Carlan J. Kraft, Rugby.

SAND, Justice.

The defendant, Alfred Martin [Alfred], appealed from a judgment in which he was granted a divorce from the plaintiff, Jeannette Martin [Jeannette], on the grounds of irreconcilable differences, and Jeannette was granted a divorce from him on the grounds of physical and mental cruelty. The judgment provided for a division of the couple's property and ordered Alfred to pay Jeannette alimony in the amount of $400 a month for a period of five years.

Prior to trial the parties entered into a stipulation in which each party submitted appraisals of the value of the couple's real and personal property. Alfred's appraisal valued the couple's real and personal property at $329,795.00, and Jeannette's appraisal valued the same property at $517,500.00. The parties also stipulated that the court could receive the written appraisal of Walter T. Bosley on behalf of Alfred and the written appraisals of Robert Deardurff and Don Hambeck on behalf of Jeannette.

After trial, the district court entered its findings of fact, conclusions of law, and order for judgment. The district court issued a memorandum which clarified some of its findings and also provided additional findings. However, the district court made no finding as to the value of any of the property, or the net worth of the marital estate despite the fact that each party submitted individual appraisals and third-party appraisals regarding the value of the property.

In *Williams v. Williams*, 302 N.W.2d 754 (N.D.1981), the lower court distributed the couple's property but did not make a determination as to the net worth of the couple's property. We noted that whenever sufficient evidence has been admitted from which the court can, but has not, determined the net worth of the parties' real and personal property, the *Ruff-Fischer*[1] guidelines for equitable property distribution cannot be properly applied. In *Williams*, we held that the property division was clearly erroneous because the record disclosed no foundation supporting the court's distribution of the property.

In this instance we believe the trial court erred in not making a finding of fact as to the value of the properties involved and in not determining the net worth of the couple's real and personal property before distributing the property. Furthermore, under these circumstances this Court cannot give the distribution, the main issue on appeal, a meaningful review.

Accordingly, pursuant to Rule 35, North Dakota Rules of Appellate Procedure, we remand the case to the trial court for making appropriate findings of fact on the value of the property involved and for a determination of the property's net worth and to submit those findings to this Court for further consideration. To accomplish this, the Court in its wisdom may direct either party to prepare the findings of fact according to its instructions. In all other respects, jurisdiction of this case is retained by this Court.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VANDE WALLE, JJ., concur.

---

1. See *Fischer v. Fischer*, 139 N.W.2d 845 (N.D. 1966); *Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952).