Lyle G. VOTH, Plaintiff and Appellee,

v.

Brenda K. VOTH, Defendant and Appellant.

Civ. No. 9893.

Supreme Court of North Dakota.

May 12, 1981.

Christensen & Thompson, Bismarck, for plaintiff and appellee, argued by Carma Christensen, Bismarck.

Chapman & Chapman, Bismarck, for defendant and appellant, argued by Charles L. Chapman, Bismarck.

PEDERSON, Justice.

Lyle G. Voth and Brenda K. Voth were divorced by a judgment entered on February 7, 1978. Custody of their child, Kristi, was awarded to Brenda K. pursuant to stipulation. In 1979, alleging changed conditions, Lyle G. made application by motion to the court for an amendment of the judgment to award custody of Kristi to him. After copious legal tactics, an evidentiary hearing was held at which widely conflicting testimony on the best interest of Kristi was heard. The court found inter alia that (1) conditions were changed and (2) it would be in Kristi's best interest that custody be changed from Brenda K. to Lyle G. Brenda K. appealed. We affirm the amended judgment.

"In an action for divorce, the court, before or after judgment, may give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may vacate or modify the same at any time. *Any award or change of custody must be made in accordance with the provisions of chapter 14–09.*" [Emphasis added.] Section 14–05–22(1), NDCC.

Those provisions of Chapter 14–09 which are pertinent to a change of custody in general, and to this case in particular, are:

"An order for custody of an unmarried minor child entered pursuant to this chapter shall award the custody of the child to a person, . . . as will in the opinion of the judge, promote the best interests and welfare of the child. Between the mother and father, whether natural or adoptive, there is no presumption as to who will better promote the best interests and welfare of the child." Section 14–09–06.1, NDCC.

"For the purpose of custody, the best interests and welfare of the child shall be determined by the court's consideration and evaluation of all factors affecting the best interests and welfare of the child.

These factors include all of the following when applicable:

1. The love, affection, and other emotional ties existing between the parents and child.

2. The capacity and disposition of the parents to give the child love, affection, and guidance and to continue the education of the child.

3. The disposition of the parents to provide the child with food, clothing, medical care, or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs.

4. The length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity.

5. The permanence, as a family unit, of the existing or proposed custodial home.

6. The moral fitness of the parents.

7. The mental and physical health of the parents.

8. The home, school, and community record of the child.

9. The reasonable preference of the child, if the court deems the child to be of sufficient intelligence, understanding, and experience to express a preference.

10. Any other factors considered by the court to be relevant to a particular child custody dispute.

. . . . . . ."

Section 14–09–06.2, NDCC.

▐ The amendment of § 14–05–22, NDCC (Ch. 194, § 1, S.L. 1979), and the newly enacted §§ 14–09–06.1 and 14–09–06.2 (Ch. 194, §§ 2 and 3, S.L. 1979), have codified many of the guideline factors prescribed by this court over the years for trial court use in resolving child custody disputes. *Lapp v. Lapp*, 293 N.W.2d 121 (N.D. 1980). Though it is not mentioned in §§ 14–09–06.1 or 14–09–06.2, we still require a showing of changed conditions before a reconsideration of an award of custody in a divorce case. *Corbin v. Corbin*, 288

N.W.2d 61, 64 (N.D.1980); *Bergstrom v. Bergstrom*, 296 N.W.2d 490, 493 (N.D.1980).

When a motion necessitates the resolution of conflicting evidence, the proceeding is "an action tried upon the facts," making Rule 52(a), NDRCivP, applicable. *Reub's Minot Camera, Inc. v. General Elec. Cr. Corp.*, 209 N.W.2d 635, 638 (N.D.1973); *Voskuil v. Voskuil*, 256 N.W.2d 526, 530 (N.D.1977); *Becker v. Becker*, 262 N.W.2d 478, 481 (N.D.1978); *Keator v. Keator*, 276 N.W.2d 135, 138 (N.D.1979).

"A trial court's determinations on matters of child custody are treated as findings of fact." *Larson v. Larson*, 294 N.W.2d 616, 617 (N.D.1980).

See also, *Bergstrom v. Bergstrom, supra; Corbin v. Corbin, supra;* and *Hust v. Hust,* 295 N.W.2d 316, 318 (N.D.1980).

Item # 1 of "Conclusions of Law" in this case states: "That there has been a change of circumstances, which properly brings this matter before the court." We have said that "whether a particular finding is a finding of fact or is a conclusion of law will be determined by the reviewing court, and labels placed upon the findings by the trial court are not conclusive." *Bladow v. Bladow,* 249 N.W.2d 917, 919–920 (N.D.1977). Here, Brenda K. does not question the determination or its label; accordingly we make no review of that matter.

Item # 2 of "Conclusions of Law" in this case states: "That the best interests and welfare of the minor child will be served, by custody of her being in [Lyle G.] ..." Brenda K's argument is that "best interest" is a conclusion of law and that it is not supported in this case by the specific findings required by § 14–09–06.2, NDCC. In 1977, prior to the enactment of that section, we said:

"Ever since *Ferguson v. Ferguson,* 202 N.W.2d 760 (N.D.1972), this court has treated the finding that the best interest of the child requires custody in one parent or the other as a finding of fact which we will not reverse unless clearly erroneous." *Odegard v. Odegard,* 259 N.W.2d 484, 485 (N.D.1977).

A bare and conclusory finding of fact that the best interests and welfare of Kristi are served by custody of her being in Lyle G., without more, may be inadequate under Rule 52(a) in view of the specific requirements imposed by the Legislative Assembly in §§ 14–09–06.1 and 14–09–06.2, NDCC. However, in *Lapp v. Lapp, supra,* 293 N.W.2d at 128, we said:

"We are convinced, after examining the entire record, that each of the applicable factors set forth in Section 14–09–06.2, N.D.C.C., was properly addressed during the trial and considered by the court in determining the custody award. *We do not believe, nor does the statute require, that the trial court must make an express written finding as to each of the factors enumerated.* If a careful perusal of the record discloses that evidence was presented relative to each of the applicable factors, that is sufficient to satisfy the requirements of Section 14–09–06.2." [Emphasis added.]

This court, in the interest of judicial economy, has been generally hesitant to remand for the preparation of more adequate findings. This should not be interpreted as a relaxation of the significance of Rule 52(a), NDRCivP. Recently, in *Martin v. Martin,* 304 N.W.2d 697 (N.D.1981), we remanded for the preparation of findings of fact which were necessary to permit this court to make a meaningful review on the main issue on appeal.

In *Matton Oil Transfer Corporation v. The Dynamic et al.,* 123 F.2d 999 (2d Cir. 1941), a case involving Admiralty Rule 46½ —the forerunner to Rule 52(a)—the court, in a per curiam opinion, remanded for findings, explaining that special findings aid proper disposition by the appellate court. Some years later, Justice Brennan cited the *Matton Oil* case in writing for a plurality that an unelaborated finding that a transfer of property was a "gift" is so sparse and conclusory as to give no revelation of what the lower court's concept of the determining facts and legal standards may be. See *Commissioner v. Duberstein,* 363 U.S. 278, 292, 80 S.Ct. 1190, 1200, 4 L.Ed.2d 1218 (1960).

In this instance we have considerably more than a sparse and conclusory finding that the best interests and welfare of Kristi are served by a custody change from Brenda K. to Lyle G. Findings of fact # 6 and # 7 state:

"6. This Court has reviewed the factors to be considered as outlined in § 14–09–06.2 NDCC and has attempted to compare these factors to the testimony and evidence produced at the hearing, and specifically finds factors 2, 3, 4 and 5 operate in favor of the custody of the child [Kristi] being in the Father [Lyle G.], in that:

a. The Father has shown the greater capacity and disposition to give the child love, affection, and guidance and to continue the education of the child;

b. The Father has shown the greater capacity to provide the child with food, clothing, medical care and material needs;

c. The child has resided with the Father during periods of visitation, during those periods has been in a stable and satisfactory environment, and it is desirable that such continuity be maintained;

d. The Father's family unit is a permanent one;

"7. The Court further finds, that the other enumerated factors outlined in § 14–09–06.2 are equal between both of the parties."

Although we think that more artfully drafted findings of fact would more clearly provide the explicit basis for the trial court's determination, *Ellendale Farmers Union Cooperative Ass'n v. Davis*, 219 N.W.2d 829 (N.D.1974), we believe that we understand what the trial court intended with respect to each of the 10 factors listed in § 14–09–06.2. The findings of fact are not "grossly inadequate." See *Hegge v. Hegge*, 236 N.W.2d 910, 914 (N.D.1975).

In recent years the Illinois Appellate Court has had a number of cases involving the question in divorce and custody cases of whether or not factors required by law to

be considered, impose a requirement that a specific finding of fact be made as to each factor. Most recently, in *In re Kennedy*, 94 Ill.App.3d 537, 49 Ill.Dec. 927, 418 N.E.2d 947 (1981), that court said that the authorities are split on the question, but the better view is that where the statute requires that the court consider specific factors, specific findings of fact are not required. In an earlier decision, *Atkinson v. Atkinson*, 82 Ill.App.3d 617, 37 Ill.Dec. 829, 402 N.E.2d 831, 835 (1980), the Illinois court said:

"We do not read either *Wurm* [*Wurm v. Wurm* (1979), 68 Ill.App.3d 168, 24 Ill. Dec. 753, 385 N.E.2d 894] or the new Marriage Act [§ 602(a)] as mandating a recital of the specified factors in the judgment order or as requiring written findings of fact in any other form. (Citations.) What section 602 of the Act clearly *does* require is some indication in the record that the trial court considered the factors listed." [Emphasis in original.]

The findings of fact are minimumly adequate and they are supported by substantial evidence. They are not clearly erroneous. Admittedly, the testimony is contradictory, some of the evidence offered and received was hearsay and incompetent for some purposes, and some may have been rightly excluded. Rule 102, NDREv, provides:

"These rules shall be construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence, to the end that the truth may be ascertained and proceedings justly determined."

See also, Rule 103, NDREv; Rule 1, NDRCivP; Rule 2, NDRCrimP; and 52 N.D.L.Rev. 13. In *Schuh v. Allery*, 210 N.W.2d 96, 99–100 (N.D.1973), Justice Vogel, giving credit for work done by Chief Justice Strutz, deceased, and writing for a unanimous court, discussed the subject of the admission of evidence in a nonjury trial, saying:

". . . a trial judge, in a nonjury case, should ordinarily admit all evidence which is not clearly inadmissible. A

judge who is competent to rule upon the admissibility of evidence can distinguish in his own mind, when deliberating his ultimate decision, between evidence which is admissible and evidence which is not admissible. The introduction of allegedly inadmissible evidence in a nonjury case will rarely be reversible error, and it may often avoid a possible reversal in cases where this court, on appeal, holds that the evidence is admissible."

Then followed a quotation from *Builders Steel Co. v. Commissioner of Internal Rev.*, 179 F.2d 377, 379 (8th Cir. 1950), which we have often since used:

"In the trial of a nonjury case, it is virtually impossible for a trial judge to commit reversible error by receiving incompetent evidence, whether objected to or not. An appellate court will not reverse a judgment in a nonjury case because of the admission of incompetent evidence, unless all of the competent evidence is insufficient to support the judgment or unless it affirmatively appears that the incompetent evidence induced the court to make an essential finding which would not otherwise have been made.... On the other hand, a trial judge who, in the trial of a nonjury case, attempts to make strict rulings on the admissibility of evidence, can easily get his decision reversed by excluding evidence which is objected to, but which, on review, the appellate court believes should have been admitted."

See also, *Schmidt v. Plains Elec., Inc.*, 281 N.W.2d 794, 800 (N.D.1979); *Tallackson Potato Co., Inc. v. MTK Potato Co.*, 278 N.W.2d 417, 423 (N.D.1979); *Matter of Cieminski*, 270 N.W.2d 321, 327 (N.D.1978); *Bauer v. Graner*, 266 N.W.2d 88, 94 (N.D. 1978); *Pulkrabek, Inc. v. Yamaha Intern. Corp.*, 261 N.W.2d 657, 661 (N.D.1977); *City of Fargo, Cass Cty. v. Candor Const.*, 260 N.W.2d 8, 9 (N.D.1977); *Interest of R.D.S.*, 259 N.W.2d 636, 638 (N.D.1977); *Fuhrman v. Fuhrman*, 254 N.W.2d 97, 99 (N.D.1977); *State v. Olson*, 244 N.W.2d 718, 726 (N.D. 1976); *Piper v. Piper*, 239 N.W.2d 1, 4 (N.D. 1976); *Beck v. Lind*, 235 N.W.2d 239, 245 (N.D.1975); *Jahner v. Jacob*, 233 N.W.2d 791, 800 (N.D.1975); *Signal Drilling Co. v. Liberty Petroleum Co.*, 226 N.W.2d 148, 153 (N.D.1975); and *Matson v. Matson*, 226 N.W.2d 659, 665 (N.D.1975). At one time the statute regulating appeals from district court of causes tried without a jury required that "all evidence offered in the trial shall be taken down in writing." Ch. 82, Laws of North Dakota, 1893; *Otto Gas Engine Works v. Knerr*, 7 N.D. 195, 73 N.W. 87 (1897).

Even though we are not bound by findings of fact when they are based on an erroneous conception of law (*Adams v. Little Missouri Minerals Association*, 143 N.W.2d 659, 688 (N.D.1966), we are not convinced that any misconceptions of law form the basis of the findings in this case. We have no definite and firm conviction that a mistake has been made. *In re Estate of Elmer*, 210 N.W.2d 815 (N.D.1973). Brenda K. has not clearly demonstrated that the findings are inadequate, *Ellendale Farmers Union Cooperative Ass'n v. Davis*, 219 N.W.2d 829 (N.D.1974), nor that the findings are without substantial evidentiary support, *Stee v. "L" Monte Industries, Inc.*, 247 N.W.2d 641 (N.D.1976), nor that the findings were induced by an erroneous view of the law.

The judgment is affirmed. Costs and attorney fees shall be borne by the party incurring them.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE, SAND and PAULSON, JJ., concur.