Jeanette E. MARTIN, Plaintiff
and Appellee,

v.

Alfred MARTIN, Defendant
and Appellant.

Civ. No. 9894.

Supreme Court of North Dakota.

June 25, 1981.

Farhart, Rasmuson, Lian & Maxson, Minot, for plaintiff and appellee; argued by Moody M. Farhart, Minot.

McClintock, Butz & Kraft, Rugby, for defendant and appellant; argued by Carlan J. Kraft, Rugby.

SAND, Justice.

This is an appeal by the defendant, Alfred Martin [Alfred], from a judgment in a divorce action in which he was granted a divorce from the plaintiff, Jeanette Martin [Jeanette], on the grounds of irreconcilable differences, and Jeanette was granted a divorce from him on the grounds of physical and mental cruelty.

Earlier we remanded this case, *Martin v. Martin*, 304 N.W.2d 697 (N.D.1981), with instructions for the trial court to make appropriate findings of fact as to the value of the couple's property and for a determination of the parties' net worth. Those findings have now been made and submitted to us for our consideration.

Alfred and Jeanette were married on 30 Dec 1956. Two children were born to them during their marriage. They are: Neil, born on 24 June 1963, and Jay, born on 27 June 1965.

Alfred had farmed approximately 13 years prior to the marriage, and during that time he had accumulated $4,000.00 in savings, a full line of debt-free farm machinery, and 40 head of cattle. At the time of the marriage, neither party owned any real property. Their original home place, which consisted of 420 acres, was purchased after the marriage. The down payment on the home place was approximately $8,000.00 and was made with $5,000.00 inherited by Alfred shortly after the marriage plus his savings accumulated prior to the marriage. The Martins acquired 540 additional acres of property during the marriage, for a sum total of 960 acres.

At the time of the divorce Jeanette was 44 years old and was taking medication for her nerves, ulcers, and thyroid condition. During the course of the marriage, Jeanette assisted in several of the duties regarding the operation of the farming business, as well as the domestic chores and maintaining the household. Jeanette and Alfred became separated 3 Sept 1979. Later Jeanette took a part-time job in the Karlsruhe school district as a teacher's aide and earned approximately $250 per month. Alfred was 55

years old at the time of the divorce and was in good health.

The district court awarded the following property to Jeanette:

| | |
|---|---|
| Personal property | $ 3,390.00 |
| John Deere 4020 tractor | 6,000.00 |
| Tiller | 1,000.00 |
| Feed rack | 25.00 |
| Water tank | 25.00 |
| 1976 Buick LeSabre | 1,400.00 |
| One-half of cattle | 19,450.00 |
| One-half of wheat, oats, hay | - -- |
| Section 2: | |
| Lots 1 and 2 less 3.64 acres; | |
| S½NE¼; N½SE¼ | 79,180.00 |
| Plus buildings | 5,000.00 |
| Lots 3 and 4 | 23,000.00 |
| SE¼SE¼ | 13,000.00 |
| Section 11: | |
| NE¼NE¼ | 13,000.00 |
| SUBTOTAL | $ 164,470.00 |
| Indebtedness on contract for deed with Beutler | (16,000.00) |
| TOTAL | $ 148,470.00 |

The district court awarded the following property to Alfred:

| | |
|---|---|
| Personal property | $ 175.00 |
| One-half of wheat, oats, hay | - -- |
| One-half of cattle | 19,450.00 |
| Farm machinery and vehicles | 50,475.00 |
| Cash on hand | 2,660.00 |
| Musical instruments | 3,000.00 |
| Section 1: | |
| S½NW¼ | 19,000.00 |
| SW¼ | 49,500.00 |
| Plus buildings | 20,000.00 |
| SE¼ | 38,400.00 |
| Section 12: | |
| NW¼NE¼ | 7,200.00 |
| Section 13: | |
| NW¼NW¼; E½NW¼ | 21,000.00 |
| SUBTOTAL | $ 230,860.00 |
| Indebtedness to First Bank of North Dakota | (65,400.00) |
| TOTAL | $ 165,460.00 |

Additionally, Alfred was ordered to harvest the 1980 crop and pay Jeanette a one-third share of the crop which was harvested from the real property awarded to her. Alfred also received the benefits derived from six quarters of land they rented in 1980, as well as a two-thirds share of the disaster and crop insurance payments. This [1] must also be considered in the distribution of property.

1. The record does not reveal any specific reliable evidence from which a definite monetary value can be placed on the following items: shares of 1980 crop, the crop from the six quarters of land they rented in 1980, and the disaster payments. In fact, the crop shares for 1980 could not be fully determined because it was too early in the season. However, these items have appreciable value even though the specific amount under the present record cannot be determined.

The district court judgment also required Alfred to pay Jeanette $400.00 a month alimony for a five-year adjustment period.

The first issue raised by Alfred is whether or not the trial court's division of the couple's property was equitable. Alfred points out that he worked and built his farming operation for approximately 13 years prior to the marriage. Thus he asserts that he should be allowed to recoup the benefits of the 13 years of labor and his inheritance that he brought into the marriage. However, this issue was considered by the trial court as is evidenced by its memorandum which clarifies the finding of fact and provides additional findings of fact.[2]

North Dakota Century code § 14–05–24 requires that the trial court make an equitable distribution of the real and personal property of the parties when a divorce is granted. There are no fixed and rigid rules by which the trial court is to divide the marital estate in a divorce case. *Lapp v. Lapp*, 293 N.W.2d 121 (N.D.1980). The trial court's ultimate objective in making a distribution of property is to make an equitable distribution. What is an equitable distribution depends upon the facts and circumstances of each case. *Nastrom v. Nastrom*, 284 N.W.2d 576 (N.D.1979).

It is well established that the following factors may be considered by the trial court in making an equitable distribution of property:

"... the respective ages of the parties to the marriage; their earning abilities; the duration of and conduct of each during the marriage; their station in life; the circumstances and necessities of each; their health and physical condition; their

2. The trial took place in the summer of 1980. The court issued its findings of fact, conclusions of law and order for judgment on 22 July 1980. Thereafter a request for clarification was made, whereupon the court issued its memorandum on 6 Aug 1980 which served as a clarification and additional findings of fact.

financial circumstances as shown by the property owned at the time; its value at that time; its income-producing capacity, if any, and whether it was accumulated or acquired before or after the marriage; and such other matters as may be material. *Bender v. Bender,* 276 N.W.2d 695 (N.D.1979); *Fischer v. Fischer,* 139 N.W.2d 845 (N.D.1966); *Ruff v. Ruff,* 78 N.D. 775, 52 N.W.2d 107 (1952)." *Bosma v. Bosma,* 287 N.W.2d 447 (N.D.1979) at 451.

■ The trial court's determinations on matters of division of property and alimony are treated as findings of fact and will not be reversed by this Court unless clearly erroneous. *Williams v. Williams,* 302 N.W.2d 754 (N.D.1981). A particular finding of fact is clearly erroneous when, although there is some evidence to support it, the reviewing court on all the other evidence is left with a definite and firm conviction that a mistake has been made. *Nastrom v. Nastrom, supra.* Simply because we might have viewed the evidence differently, had it been presented to us as the trier of fact, does not entitle us to reverse the trial court. *Bender v. Bender,* 276 N.W.2d 695 (N.D.1979).

■ After a careful review of the record, we cannot say that the values placed on the property by the trial court are clearly erroneous, nor are we left with a definite and firm conviction that a mistake has been made in the property division. The record reflects that the trial court took into consideration the applicable guidelines to which reference was made earlier herein.

The next issue raised by Alfred is that the trial court erred in granting Jeanette alimony of $400.00 per month for a five-year adjustment period.

The trial court's determinations on matters of alimony are treated as findings of fact and will not be set aside unless clearly erroneous. *Jochim v. Jochim,* 306 N.W.2d 196 (N.D.1981). The function of alimony is to rehabilitate the party disadvantaged by the divorce. *Williams v. Williams, supra.*

■ Alfred asserts that Jeanette's share of the marital estate is sufficient to give her proper support and that, therefore, the award of alimony for "an adjustment period of five years" was excessive. We do not agree. After reviewing the memorandum and by taking into account the two-thirds share of the 1980 crop [3] and the two-thirds share of the 1980 disaster and crop insurance payments, together with the crop on the six quarters of land they rented for the year 1980, which inured to the benefit of Alfred, and the state of health of the parties, we are satisfied the trial court believed these items counterbalanced the alimony payments. In the absence of any specific showing to the contrary we have no reasonable basis to treat this as an inequitable distribution.

Based on the record before us, we are not left with a definite and firm conviction that a mistake has been made in awarding Jeanette $400.00 a month alimony and we conclude that the trial court's award of alimony was not clearly erroneous.

■ Jeanette also made an application to this Court for the reasonable attorney's fees on the appeal pursuant to NDCC 28–26–01(2) on the grounds that the appeal was frivolous. Being mindful of our earlier remand for further findings of fact, we do not believe the present appeal is frivolous.

The judgment of the district court is affirmed.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VANDE WALLE, JJ., concur.

---

**3.** We have taken into consideration that Alfred had expenses connected with the 1980 crop.